## In the Matter of the Estate of PHILIP RICHMAN, Deceased.

Surrogate's Court, New York County, June 2, 1938.

*Carl J. Austrian,* for the Superintendent of Banks of the State of New York, petitioner.

*George Shapiro,* for the administratrix, respondent.

DELEHANTY, S. On this application to compel an account respondent asserts that petitioner has no standing because his

claims are barred by the Statute of Limitations. These claims are based upon alleged indebtednesses of decedent to Bank of United States which petitioner is now liquidating.

Deceased died February 28, 1930. Letters of administration upon his estate were issued to his widow on April 3, 1930. The claim upon which petitioner rests his right to an accounting was filed with the administratrix for the first time on September 9, 1937. The claims fall into two classes. One group accrued between December 29, 1929, and February 15, 1930. The Statute of Limitations began to run on these claims during the lifetime of deceased. The claim first presented to the administratrix on September 9, 1937, was thus seven years, six months and twenty-two days old even dating the claim from the date when the latest cause of action in this group had accrued. In the second group are three claims based upon notes or trade acceptances maturing between March 3, 1930, and March 26, 1930. These claims matured after the death of deceased and before the issuance of letters to the administratrix.

In respect of the first group of claims, petitioner concedes that the Statute of Limitations bars his claims even after making allowance for the extension of eighteen months granted by section 21 of the Civil Practice Act. The most recent of the claims accruing prior to deceased's death had become barred on August 15, 1937.

As to the second group petitioner asserts that he is still entitled to prosecute the claims and hence entitled to an order directing an accounting. He argues: " A reading of the section [i. e., Civ. Prac. Act, § 21] * * * would seem to indicate that it was the intention of the Legislature to grant the extension of eighteen months in every case where a decedent was liable for a debt, whether the same had matured or not." The text of the section refutes this argument. The section applies only to claims upon which the statute had begun to run prior to death. The claims which matured after death are not covered by the text of the section at all. As to such claims the general six-year statute applies, limited only by the rule of law that the cause of action is deemed to be completely in existence only when there is also in existence a person against whom process can issue. The cause of action on these three items maturing between March 3 and March 26, 1930, therefore, came into full existence on April 3, 1930, when the letters of administration were issued. (Sanford v. Sanford, 62 N. Y. 553, 554; Edlux Construction Corp. v. State, 252 App. Div. 373; Davis v. Garr, 6 N. Y. 124, 135; Benjamin v. DeGroot, 1 Den. 151, 156.) These three causes of action were barred on April 3, 1936.

Accordingly the court holds that petitioner is barred on all his claims. For that reason his application is in all respects denied.