RALPH D. KLEBES, as Commissioner of Public Welfare of the City of Elmira, Respondent, v. MICHAEL CONDON, Appellant.

Third Department, July 2, 1940.

*Harry Irving Tong* [*Anthony Kabatt* of counsel], for the appellant.

*George G. Reynolds, Corporation Counsel* [*George H. Winner, Assistant Corporation Counsel*, of counsel], for the respondent.

HILL, P. J. Defendant-appellant moved to dismiss the complaint as not stating facts sufficient to constitute a cause of action. He appeals from the order denying his motion.

The action was brought in January, 1939, by the public welfare commissioner of the city of Elmira to recover funds expended for the public relief of defendant's son between December, 1933, and the end of the year 1938. The complaint states: " That the said Edward Condon is a person for whom defendant was and is liable to support, and defendant has been discovered to have real and personal property." Defendant's liability, if any, arises under the Public Welfare Law (§ 125). " The * * * father * * * of a recipient of public relief * * * shall, if of sufficient ability, be responsible for the support of such person."

There is no allegation in the complaint that defendant at the time when the relief was furnished was " of sufficient ability " to support his son. " The defendant is only liable, however, for payments received by her husband after May 1, 1935, the date when she first became ' of sufficient ability ' to support him. By the express terms of the statute the duty to support is not absolute but exists only where the person liable is in a position to discharge the obligation. The obvious purpose of the legislation is to permit the maintenance of an action where it is found that the public has supported an indigent person who, during that period should have been supported by a relative ' of sufficient ability ' to have done so." . (*Hodson* v. *Stapleton*, 248 App. Div. 524, 525.) The complaint lacks a necessary allegation to create a cause of action. It should be dismissed with leave to plead over. (*City of Worcester* v. *Quinn*, —— Mass. ——; 23 N. E. [2d] 463; 125 A. L. R. 707.)

The order should be reversed on the law and facts, with ten dollars costs and disbursements. Motion to dismiss the complaint granted, with taxable costs, with leave to the plaintiff, within twenty days from the service of the order of reversal, to file an amended complaint, if he is so advised.

CRAPSER and HEFFERNAN, JJ., concur; BLISS and SCHENCK, JJ., dissent; BLISS, J., in an opinion in which SCHENCK, J., concurs.

BLISS, J. (dissenting). Sections 125 and 128 of the Public Welfare Law, so far as here applicable, provide as follows:

" § 125. Liability of relatives to support. The husband, wife, father * * * of a recipient of public relief * * * shall, if of sufficient ability, be responsible for the support of such person."

" § 128. Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property * * * if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received bv such person shall constitute an implied contract."

The complaint alleges that the defendant is the father of one Edward Condon who received relief and care from the city of Elmira public welfare district within the last ten years amounting to $373.95, no part of which has been paid; that Edward Condon is a person for whom defendant was and is liable to support and that defendant has been discovered to have real and personal property.

The complaint, together with such inferences as we must draw from it, meets all of the statutory requirements in its allegations. Under it the plaintiff would be entitled to show upon the trial all facts necessary to establish a cause of action under the Public Welfare Law.

The order of the County Court sustaining the sufficiency of the complaint should be affirmed.

SCHENCK, J., concurs.

Order reversed on the law and facts, with ten dollars costs and disbursements.

Motion to dismiss complaint granted, with taxable costs, with leave to the plaintiff within twenty days from the service of the order of reversal, to file an amended complaint, if he is so advised.