In the Matter of the Accounting of SIMONE TARANTINO, as Executor of PETER TARANTINO, Deceased, and for a Determination as to Attorneys' Fees.

Surrogate's Court, Bronx County, November 9, 1944.

*Clarence C. Ferris* for executor.

*Ignatius M. Wilkinson, Corporation Counsel* (*Philip Sokol* and *Ethel W. Feldherr* of counsel), for Commissioner of Welfare of the City of New York, claimant-objectant.

*Marvin J. Bloch* for Inheritance Finance Corporation, objectant.

*Patrick J. Fogarty,* special guardian for infants.

HENDERSON, S. This is a motion for leave to reargue and for a reargument of the issues in this accounting proceeding and for a modification of the decision heretofore rendered thereon. No decree has been entered pursuant to such decision.

The principal issue raised on the accounting involved a claim of the Commissioner of Welfare of the City of New York in the sum of $4,355 pursuant to the provisions of sections 101 and 104 of the Social Welfare Law for payments made for the relief of decedent's grandchildren.

This court by its prior decision held that the decedent was a person " of sufficient ability " as required by statute, and allowed the full amount of the claim.

The decedent herein died on the 26th day of June, 1935, at the age of eighty-four years. The payments constituting the claim were made between April, 1931, and June, 1935.

At the time of his death and during the period of the payments by the claimant, the decedent was the owner of six parcels of real estate, four of which were improved. The assessed value of this realty was $12,500. The decedent occupied an apartment in one of the houses and rented the other three. The gross rental was approximately $100 per month out of which all charges were paid. His only other income was the receipt of $10 to $20 per month as earnings from a small notions and barber shop which he maintained on his property.

Upon a public sale in partition proceedings subsequent to the death of the decedent, the real property was auctioned and sold to the highest bidder, and $7,200 in cash was received.

The decedent died possessed of no other property.

The only proof of the value of decedent's property is the assessed valuation and an appraisal which is concededly liberal and which was given in the light of possible condemnation proceedings.

The attorneys representing the various parties in support of the motion insofar as it relates to this claim, now urge the court to reconsider its decision that the decedent was possessed of sufficient ability, and cite as their authority the case of *Matter of Bauer* (*Byrne*) (266 App. Div. 816, affd. without opinion 291 N. Y. 711).

The decisions in this case were read by this court before it reached its prior determination. However, inasmuch as the opinion in the Appellate Division failed to set forth the financial background of the person sought to be charged, this court reached its conclusion without the benefit of the cited case as a measuring rod in determining decedent's financial ability. The attorneys have now called to the attention of the court the facts upon which that case was based.

This motion for a reargument is granted. A reconsideration of this matter in the light of *Matter of Bauer* (*Byrne*) (*supra*),

compels the court to find that its prior determination was wrong and that the decedent was not liable for the amount of the claim.

In the *Bauer* case (*supra*) a claim was made against a father of an incompetent adult son for the son's support in the Rochester State Hospital. During the period for which the claim was made, the father, a man fifty-seven years of age and married, was employed earning an average of $2,500 per year. He had a savings account of $1,752.12 which increased to $3,337.75 and owned a house assessed at $3,600, incumbered by a mortgage reduced to $200 by payments of $500 in the intermediate period. He had three children and a housekeeper. One of his sons entered the army, the other was of working age and lived at home. The Appellate Division held that the father was not " of sufficient ability " to pay the claim which amounted to $360 per year.

In the present case, this court by its prior decision herein found that the decedent's income as hereinabove set forth was barely sufficient for his own needs, but was of the opinion at that time that the realty was of sufficient value to maintain the grandchildren.

These properties were bought many years ago. Prior to 1923 the community was fairly prosperous due to the existence of a foundry which went out of business in that year. From that time, the business of the decedent fell off and the entire neighborhood deteriorated in quality with a consequent decrease in the value of the realty.

The houses were old frame dwellings in poor condition and were occupied in part by some of decedent's children.

To have compelled a liquidation of this property in decedent's lifetime to meet the payments would have deprived the decedent, a man eighty years of age and sickly, of his home, his property and business, the only source of his meagre income upon which he depended for his livelihood. The amount which might have been obtained after sale at that time is speculative. But having in mind the amount received in the partition proceedings, the assessed valuation and the facts pertaining to such property as some indication of the price which might have been obtained, and keeping in mind the fact that the claim herein amounts to approximately $1,200 per year as compared with $360 per year in the *Bauer* case (*supra*), it seems fairly certain that, in addition to being deprived of his earnings, the decedent would also be deprived of a substantial portion of his principal, if not the entire amount, within a period of six years.

In the light of the authorities, it is clear that the decedent was not required to use a substantial portion of his principal in maintaining his grandchildren and in this way gradually impoverish himself. Accordingly, it must be concluded that the decedent was not possessed " of sufficient ability " within the intendment of the applicable provisions of the Social Welfare Law (*Matter of Bauer* [*Byrne*], *supra; Matter of Calhoun* v. *Calhoun*, 256 App. Div. 672; *Matter of Claiborn*, N. Y. L. J., Nov. 4, 1944, p. 1180, col. 6).

As a result of this determination, the Commissioner of Welfare of the City of New York has no interest in this estate. His remaining objections to the account must therefore be dismissed.

The court has reconsidered the amount of compensation requested by the attorneys for the executor. In view of the additional services rendered on this motion, the attorneys will be allowed the additional sum of one hundred dollars.

In all other respects the relief requested is denied. Settle order.