EDWARD E. RHATIGAN, as Commissioner of Welfare of the City of New York, Plaintiff, *v.* JAMES A. CURRY, Defendant.

Supreme Court, Special Term, New York County, November 28, 1947.

*Charles E. Murphy, Corporation Counsel (Philip Sokol* and *Max H. Finkelberg* of counsel), for plaintiff.

*Zimmerman & Bregoff* for defendant.

EDER, J. Motion to dismiss complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of the action, is denied.

The action is brought pursuant to the provisions of section 104 of the Social Welfare Law and section 603-9.0 of the Administrative Code of the City of New York, to recover the sum of $3,663.17, the cost of public assistance granted to the defendant and his family, when the defendant, on or about August 27, 1947, was discovered to have personal property, to wit, the sum of $33,500, the amount of a settlement of a judgment in his favor against the City of New York, in the sum of $40,266.50, which judgment was entered on January 21, 1947.

The complaint alleges that on or about and between December 21, 1937, and July 30, 1941, the defendant applied for and received public relief and care for himself and his family from the plaintiff's predecessors, in the sum of $3,395.65 and that the cost of administering and distributing the aforesaid relief and care is the sum of $267.52; that on or about August 27, 1947, the said discovery was made of said personal property and that by reason of the aforementioned provisions of law, there is now due to plaintiff $3,663.17, payment of which has been demanded and refused. Plaintiff sues as Commissioner of Welfare of the City of New York.

The summons and complaint were served on October 18, 1947.

Defendant contends that, as the action was not commenced within the six-year period of limitations as provided by section 48 of the Civil Practice Act, the complaint should be dismissed.

Subdivision 1 of section 104 of the Social Welfare Law, so far as here relevant, provides: " RECOVERY FROM A PERSON DISCOVERED TO HAVE PROPERTY. 1. A public welfare official may bring action against a person *discovered to have* real or personal property * * * if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an *implied contract*." (Italics supplied.)

Subdivision a of section 603-9.0 of the Administrative Code of the City of New York provides: " RECOVERY FROM PAUPER WHO HAS PROPERTY OR OTHER MEANS. a. *If it shall at any time be ascertained* that any person, who has received support or care or treatment from the city through the commissioner of welfare or the commissioner of hospitals, has real or personal property or other means of enabling him to reimburse the city, an action may be maintained in a court of competent jurisdiction, by either commissioner, against such person or his estate to recover such sums of money as may have been expended by the city through such commissioner in the support or care or treatment of such person during the period of ten years next preceding *such discovery* or the death of such person." (Italics supplied.)

Section 48 of the Civil Practice Act, so far as here pertinent, provides: " The following actions must be commenced within six years after the cause of action has accrued: 1. An action upon a contract obligation or liability express or implied * * * * ."

Section 11 of the Civil Practice Act, entitled " Mode of computing periods of limitation " so far as here material, provides: " The periods of limitation prescribed by this article, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular action or special proceeding."

In *Cary* v. *Koerner* (200 N. Y. 253, 259) the court said: " Where the right to maintain an action is conferred upon an individual or class of persons by statute it is impossible that the cause of action shall be deemed to have accrued in favor of such individual or class at any period prior to the date when the statute took effect. The time when ' the cause of action has accrued,' as that term is used in those provisions of the Code of Civil Procedure limiting the periods within which actions must be commenced, *means the time when the plaintiff first became enabled to* maintain the particular action in question." (Italics supplied.)

In *Conway* v. *North Side Lumber Co.* (141 Misc. 231, 235) the following is stated: " As to accrual of a cause of action, it is the general rule that it does not accrue within the statute of limitations until the plaintiff has a right of action."

In *Angelina County* v. *Bond* (16 S. W. 2d 338, 339 [Tex. Civ. App.]) the court said: " It [the statute] provides that limitation begins to run when the cause of action accrues. By ' cause of action ' is meant the right to institute suit."

In *Stone* v. *Phillips* (142 Tex. 216, 220) the court states: " The phrase ' at the time the cause of action accrues ' has two meanings. It is sometimes applied to a present enforcible demand, but it more often simply means to arise or come into existence."

The plaintiff argues that the right to bring the action accrued upon the discovery of the property and that the Statute of Limitations therefore begins to run from that date. On the other hand the defendant maintains that the cause of action accrued the moment the money was received and that the six-year Statute of Limitations began to run from the receipt of the money, the right to recover being based upon a contract implied in law.

The object of the mentioned statutes is to enable the public welfare official to bring the action only when discovery is made that the party liable has property, real or personal, which may be utilized to accomplish reimbursement; up to that time he is not enabled to do so, and he has no right of action, no right to

institute suit, until that condition arises and comes into existence; that condition only arises and comes into existence when discovery is made that the party liable has real or personal property; such public welfare official then first becomes enabled to maintain the action.

It is my view, therefore, that the right to bring an action under these statutes accrues upon the discovery of the property, and that the Statute of Limitations begins to run from that date.

Having in mind the object and purpose of these enactments, it seems to me that is a reasonable construction of these statutes, and that to hold otherwise would thwart and defeat the clear legislative intent as evidenced by the inclusion of the words " discovered " and " discovery ", and " *at any time be ascertained.*"

Since the discovery alleged in the complaint was made on or about August 27, 1947, the cause of action in favor of the plaintiff accrued at that time and the Statute of Limitations would not be a bar until six years from the date of such discovery. This action was commenced on October 18, 1947, and is, therefore, properly maintainable. Settle order.