In the Matter of the Accounting of JERRY LOOMIS, as Executor of FRANK A. HAWES, Deceased.

Surrogate's Court, Herkimer County, September 9, 1955.

*Schneider & Getman* for executor.

*Salvator Di Lalla, Assistant County Attorney,* for William F. Martin, as Director of Public Welfare of the Monroe County Public Welfare District, claimant.

McCARTHY, S. The executor of the estate of Frank A. Hawes, deceased, has rejected and disallowed the claim of the Department of Social Welfare of the County of Monroe in the amount of $2,476.78 spent for the support of a grandchild of the decedent, who is the child of the decedent's daughter.

The executor's account of judicial settlement of the above-entitled estate has been duly filed and approval thereof is sought in the present proceeding and the determination on the merits of the claim of the Department of Public Welfare of Monroe County is requested.

The father of this grandchild is described as Philip Guino of Holcomb, New York, and Fred Garling is the grandchild's stepfather. The grandchild's mother is the daughter of the deceased, Frank A. Hawes. Frank A. Hawes was a resident of Herkimer County and all the other parties mentioned are residents of western New York. There was never any recognition or usual filiality devotion between the deceased as grandfather and the grandchild.

The Monroe County Welfare Department took charge of this grandchild in May of 1951, and provided its support and maintenance during the subsequent three and a half years. The record seems to indicate that very little, if any, adequate social investigator work was done in securing contributions to the support and maintenance of this child, from Philip Guino or Fred Garling, although section 101 of the Social Welfare Law provides that the father and stepfather shall be responsible for support of minor children or stepchildren. Some mention is made in the record of getting the report of another social agency so far as Philip Guino is concerned. Norma Hawes, mother of this grandchild, is contributing something to its support.

No proceedings were taken in Children's Court of Monroe County, according to the record, or in any other court to enforce the obligation of section 101 so far as the father or stepfather of this grandchild was concerned. Section 104 of the Social Wel-

fare Law gives a public welfare official the right to bring action against a person discovered to have real or personal property to recover for support or assistance given to any one for whom he is liable during the preceding ten years.

In order to hold the estate of Frank A. Hawes liable for public assistance given to his grandson, the burden is placed upon the director of public welfare of Monroe County to show that the deceased had " sufficient ability " to support this grandchild during the period when assistance was being given.

Frank A. Hawes' monthly income from his small farm was $25, and his gross income, in any year, did not exceed $1,000. He was in poor health and unable to work and his physical condition required continual attendance and medical treatment, which consumed all of his income. Consequently, the Public Welfare Department of Monroe County has not sustained its burden of proof that Frank A. Hawes had " sufficient ability " during the years 1951 to 1954, inclusive, to support this grandchild.

Although section 101 of the Social Welfare Law does not specifically impose the responsibility for support upon any particular relationship in order of primary responsibility, we may assume from the wording of the statute that the order of primary support would follow this wording, namely, " husband, wife, father, mother, grandparent ".

This grandchild would not be the support of its husband or its wife because it had none. Its father, therefore, would have the primary responsibility for support and then the mother. According to the records she has done her share to the best of her ability, but none of the legal remedies have ever been used to compel the father or the stepfather to support the grandchild.

This court feels that these resources should be exhausted before attempting to collect from a grandparent who never had any direct connection with his grandchild, if he ever knew of the grandchild's existence.

Poor case work and failure to follow up legal responsibility as well as the failure to prove "sufficient ability " on the part of the deceased during the period that support was given, forces this court to a conclusion that this claim should be disallowed and dismissed upon the authority of *Matter of Morrissey* (183 Misc. 530); *Matter of Moore* (277 App. Div. 471); *Matter of Tarantino* (183 Misc. 288); *Matter of Diele* (187 Misc. 196), and *Klebes* v. *Condon* (260 App. Div. 238).

Accordingly, the claim of the Monroe County Department of Public Welfare for the support of the grandchild of Frank A. Hawes in the amount of $2,476.78 is hereby disallowed.

Enter order accordingly.