Benedict D. Dineen, J.
On this motion for an order to examine the defendant before trial the said defendant cross-moves to dismiss the complaint and for judgment on the pleadings. The applicable provisions of the Social Welfare Law must be read together with subdivisions a and b of section 603-9.0 of the Administrative Code of the City of New York. The Social Welfare Law (§ 101) provides that “ the husband, wife, father, mother * * * of a recipient of public assistance or care or of a person liable to become in need thereof *934 shall, if-of sufficient ability, be responsible for the support of such person.” Section 104 authorizes an action where assistance or" care was received during the preceding ten years. Subdivision a of section 603-9.0 of the Administrative Code permits either the commissioner of welfare or the commissioner of hospitals, whichever has provided the support, care or treatment to institute an action and by subdivision b of the same section either commissioner may enter into an agreement for payment. I conclude from the foregoing that the action has been instituted by the proper party plaintiff who is the real party in interest.' Sections 170 and 176 of the Decedent Estate Law permit an action by a creditor of the estate against a distributee to the extent of any assets received. The plaintiff had 10 years within which to discover the ability to pay and the six-year statute did not begin to run until the time of such discovery. The complaint alleges sufficient facts constituting a valid cause of action. The motion to examine the defendant before trial is granted and the cross motion denied. Let the examination proceed at Special Term, Part II, thereof, on April 17, 1957, at 10:00 a.m., at which time and place all pertinent data is to be produced for use pursuant to section 296 of the Civil Practice Act.