Vincent A. Lupiano, J.
The defendant Henry Schwartzberg, a distributee of the estate of the late Philip Schwartzberg, husband of a recipient of public assistance during his (Philip Schwartzberg’s) life, has moved to dismiss the complaint *804 against him on the ground that the cause of action herein is barred by the Statute of Limitations. This action has been brought pursuant to section 170 and succeeding sections of the Decedent Estate Law. Liability is predicated upon sections 101 and 104 of the Social Welfare Law. The plaintiff as Commissioner of Hospitals seeks to recover the cost of hospital care of the late wife of the deceased Philip Schwartzberg, care which was rendered to her from January 16, 1946 through July 30, 1949. The husband, Philip Schwartzberg, died on February 3, 1952 and this action was not commenced until October 10, 1959, more than six years after Mr. Schwartzberg’s death and more than 10 years after the termination of the hospital care of Mrs. Schwartzberg, who died on July 30, 1949.
Apparently section 104 of the Public Welfare Law was intended to make liable, equally with the person who receives public assistance, any other person who by law is responsible for the support of the individual receiving such assistance. Under section 603-9.0 of the Administrative Code of the City of Hew York, any person who has received support or care or treatment from the city may be sued or his estate may also be sued by the Commissioner of Welfare or the Commissioner of Hospitals for the purpose of recovering “ such sums of money as may have been expended by the city * # * in the support or care or treatment of such person during the period of ten years next preceding such discovery on the death of such person. ’ ’ It will be observed that this provision of the Administrative Code is applicable as hereinabove indicated only against the person or the estate of the person who himself received public assistance. ■ Section 104 of the Social Welfare Law, as amended by chapter 838 of the Laws of 1953, provides for a recovery against a person or the estate of a person “ who dies leaving real or personal property, if such person, or anyone for whose support he is or was liable, received assistance and care during the preceding ten years.” This section also stipulates: “Any public assistance or care received by such person shall constitute an implied contract.”
Eeasoning that the cause of action accrues at the time of discovery by the public welfare officials of available property and that the rendering of public assistance, by an express statutory provision, constitutes an implied contract, Mr. Justice Edeb said in Rhatigan v. Curry (191 Misc. 3) that the six-year Statute of Limitations begins to run from the time of the discovery by the welfare officials of available property. Incidentally, in the case at bar there is no averment in the complaint, as there should *805 have been, concerning the time of such discovery. But over and beyond that it appears that the public assistance which is the basis of liability herein was rendered more than 10 years before the commencement of this action, and also the action was commenced more than 10 years after the death of the person to whom such assistance was furnished, and more than 6 years after the death of her husband, the person liable therefor. The plaintiff argues that it had 16 years to bring the suit; that is, 10 years from the time the public assistance was rendered and thereafter 6 years more, making a total of 16 years. The plaintiff relies on Rhatigan v. Curry (supra) which was affirmed (275 App. Div. 691). That affirmance, without opinion, does not, however, constitute approval of the views of the Justice who decided the ease at Special Term. His decision was entirely correct because in that case the public assistance was rendered between December 21, 1937 and July 30, 1941, and the action was commenced in October, 1947, less than 10 years after the rendition of public assistance. Hence, it cannot be argued that affirmance of Rhatigan v. Curry (supra) in our Appellate Division, such affirmance being without opinion, was an approval of the reasoning of that decision. In MacLean v. Edenbaum (6 Misc 2d 933, 934) Mr. Justice Dineen said: ‘ ‘ The plaintiff had 10 years within which to discover the ability to pay and the six-year statute did not begin to run until the time of such discovery.” The plaintiff takes comfort from that decision but I am not in agreement with it. I do agree with the most recent decision on the subject (Matter of Gottheimer, 9 Misc 2d 489). In this case, the opinion having been written by Mr. Surrogate McGrath of Bronx County, it was held that the six-year Statute of Limitations begins to run at the time of the death of the decedent whose estate is sued. The person seeking to recover for public assistance in the Gottheimer case was the Commissioner of Hospitals, who is the plaintiff in the case before me. I see no distinction between Matter of Gottheimer and the case in hand and I will follow that decision. The Commissioner of Hospitals did not choose to appeal therefrom and it seems to me to be entirely right. Section 104 of the Public Welfare Law, particularly subdivision 1 with which we are concerned here, is an ambiguous statute and it should be given a reasonable construction. Mr. Surrogate McGrath attempted to distinguish the Gottheimer case from the MacLean case, but I do not think it necessary to indulge in that distinction. I think it would be unreasonable to take the view for which the plaintiff contends, to wit, that he has been given by statute a longer period of time *806 within which to bring an action against the estate of a person liable for the support of one who received public assistance than the time provided by law for the bringing of an action against the estate of the person who himself received such assistance. It is not reasonable to suppose that the Legislature intended such a result, for which no good reason suggests itself. It must be considered that under section 101 of the Social Welfare Law persons liable for the support of their relatives include not only the husband, wife, father, mother or child of a recipient of public assistance but even a grandparent or a stepparent of minor stepchildren. Certainly the time within which to assert a cause of action against a relative liable for support should not be greater than the time within which suit may be brought against the person who directly received public support. Section 603-9.0 of the Administrative Code of the City of New York and sections 101 and 104 of the Social Welfare Law should be read together and ambiguities in section 104 of the Social Welfare Law should not be made the basis of affording public welfare officials an unreasonably long time to bring an action against estates of relatives of persons who received public support.
Accordingly, upon the basis of the. Gotth&imer case and my own construction of what I deem to be an ambiguous statute, I consider that the present action is barred for two reasons:
1. The action was not commenced within 10 years of the period during which public assistance was rendered and it is not even alleged that discovery of available property was made within such 10-year period. Indeed, in the affidavits on this motion the plaintiff refuses even to reveal when it made such discovery, although rule 107 of the Rules of Civil Practice requires a party against whom a motion under that rule is made to come forward with an affidavit containing relevant evidentiary facts,
2. In any event, and this is decisive, suit was not brought within six years from the time of the death of the relative who was liable for the support of the person who received public assistance.
The motion of the defendant Henry Sehwartzberg, a distributee of the estate of the late Philip Sehwartzberg, under rule 107 of the Rules of Civil Practice, is granted and the complaint against said defendant is dismissed on the ground that this action was not brought within the time limited by law for the commencement thereof.
This determination makes it unnecessary to consider the motion under rule 103 of the Rules of Civil Practice. Settle order.