James S. Brown, J.
and Acting Surrogate. In this accounting proceeding the executor rejected the claim of respondent, Commissioner of Hospitals of the City of New York, for maintenance and medical care and services rendered to decedent during 1951 on the ground that the claim is barred by the six-year Statute of Limitations under subdivision 1 of section 48 of the Civil Practice Act (now CPLR 213, subd. 2). Decedent died on October 5, 1959 and letters testamentary under her will were issued on November 14, 1960. Respondent’s claim was presented to the executor on September ¡26,1962.
The executor’s contention is that the claim became outlawed six years after date of rendition of the last service in 1951. He cites in support Matter of McKnight (263 App. Div. 1024). This court holds that case is not in point as it deals with a claim for labor and services, whereas respondent’s claim is a satutory cause of action which is governed by controlling statutory provisions. Respondent concedes that the period of limitations barring his claim is six years but contends that said period in a case such as here, where it is sought to impose liability upon an estate of a recipient of public care or assistance, does not begin to run until death of the recipient. This statement is correct subject to the proviso that not more than 10 years have elapsed between date of rendition of the public care or assistance and date of the recipient’s death (Social Welfare Law, § 104, subd. 1; Administrative Code of City of New York, § 603-9.0). That condition is met here and respondent’s objection to the disallowance of his claim is sustained (Rhatigan v. Curry, 191 Misc. 3; MacLean v. Edenbaum, 6 Misc 2d 933; Matter of Gottheimer, 9 Misc 2d 489; Jacobs v. Hochstadt, 23 Misc 2d 803 ; Truesell v. Kostiw, 35 Misc 2d 60).
As mentioned in Jacobs v. Hochstadt (supra) and indicated in some of the other cited cases the statute is somewhat ambiguous in respect of the time limitation upon the bringing of an action or proceeding thereunder. The court interprets the statute in the light of the decisions as creating a cause of action in favor of a public welfare official against a recipient of public care and assistance or against any person or persons responsible for his support or their respective estates for the recovery of the moneys given to or expended on behalf of a recipient within a period of 10 years prior to the discovery of assets owned by the recipient or such other responsible person as the ease *311 may be. The cause of action accrues upon the discovery of assets. The time within which the public official may file suit or claim begins to run ‘ ‘ from the time the cause of action accrued” (CPLR 203, subd. [a]) and continues for 6 years thereafter (CPLB 213, subd. 2). The law therefore gives a public welfare official a possible maximum of 16 years —10 years to discover assets and 6 years thereafter — within which to seek reimbursement of the public funds expended.
Death of a recipient of public funds or any person or persons liable for his support “leaving real or personal property” appears to be the statutory equivalent of discovery of assets as prerequisite to action or proceeding for the recovery thereof (Social Welfare Law, § 104, subd. 1), since his estate should disclose the existence of property applicable to the welfare or hospital claim (ef. Social Welfare Law, § 106, subd. 2, par [c] ; § 223, subd. 1; § 224, subd. 5; Glenn v. Mordente, N. Y. L. J., Jan. 23, 1959, p. 13, col. 4 [Supreme Ct., Queens County]). In such a situation the claim accrues upon the date of death and the time within which it may be enforced against the particular decedent’s estate runs for six years thereafter.
Insofar as the facts here are concerned, respondent by filing his claim about two years after the recipient’s death is well within the period of limitations applicable to his claim. The amount of respondent’s claim being undisputed is therefore allowed.
Respondent’s other objection to the amount of the attorney’s fee for his services to the estate because of the small size of the estate is dismissed in view of the additional services necessitated by submission of the issue above determined.