John D. Bennett, S.
This is a proceeding by the executrix to determine the validity and enforcibility of a claim of the *670 Board of Public Welfare of Nassau County against the estate in the total amount of $4,143.48, for payments made by it to the decedent’s daughter in the amount of $2,130.57 during the period from January 28, 1932 to April 7, 1937, and of $2,012.91 during the period from January 18,1938 to April 3,1941.
A brief outline of the facts in this matter will help to explain why it is now before the court so many years after the claimed payments were made.
The decedent died testate on February 7,1946. Shortly thereafter the executrix filed with the court a petition for the probate of decedent’s will, together with her oath and designation. Jurisdiction of all necessary parties was obtained and the proceeding was marked for decree on July 10, 1946, subject to the affidavits of subscribing witnesses. Letters testamentary were not issued at that time.
On July 17, 1946, the County Attorney of Nassau County advised the then petitioner (and now executrix) by letter of the existence of the claim and on or about January 20, 1947, the Board of Public Welfare of Nassau County filed a notice of claim with the court. This notice was not served on the then petitioner. Nothing further was done by the petitioner to complete the proceeding until February, 1965 when the matter was reactivated and the will eventually admitted to probate and letters issued on September 27, 1965.
The petitioner herein has requested a determination that the afore-mentioned cl'aim of the Board of Public Welfare of Nassau County be held invalid and unenforcible against the estate and the executrix on the following grounds:
(1) The claim is barred by the six-year Statute of Limitations provided by the old section 48 of the Civil Practice Act (now CPLR 213).
(2) That section 104 of the Social Welfare Law does not authorize recovery of amounts paid by welfare boards for any period prior to 10 years before decedent’s death, and thus at least that part of the claim in the amount of $2,130.57 representing payments made prior to 1938 is not recoverable.
(3) The estate was insolvent at the date of the decedent’s death because the amount of her funeral and administration expense exceeded the value of her personal property, and the amount of mortgage liens and unpaid interest thereon exceeded the value of her real property.
The County Attorney, on behalf of the Board of Public Welfare, has conceded that it is barred from any recovery of the $2,130.57 portion of the claim for the period from January 28, *671 1932 to April 7, 3937 since those payments were made more than 10 years prior to decedent’s death in spite of the possibility of a small overlapping. He also indicates acceptance of petitioner’s statements relative to the value of decedent’s assets at the date of her death and of the amount of funeral and administration expenses. The remaining allegations of invalidity and unenforceability of the claim as set forth in the petition are, however, disputed.
Subdivision 1 of section 101 of the Social Welfare Law as it read at the date of decedent’s death provides that a public welfare official may bring action against the estate or the executors of a person who dies leaving real or personal property, if such person or anyone for whose support he was liable, received assistance during the preceding 10 years. It further states that any assistance or care received by such person shall constitute an implied contract. Former section 48 of the Civil Practice Act (now OPLR 233) at that date required that an action on an implied contrae! be commenced within six years after the cause of acliou has accrued.
The Board of Public Welfare takes the position that its filing of n notice of claim with the court on or about January 20,1947 was equivalent to the commencement of an action, thus the six-year Statute of Limitations was tolled. The executrix argues that in order to validly present such a claim there had to be an executor or administrator in office, and since there was none, the six-year Statute of Limitations has run and bars the claim; that former section 21 of the Civil Practice Act (now CPLR 210), which provided for an 18-month tolling of the Statute of Limitations where a person against whom a cause of action exists dies within the State, and further provided that if letters testamentary or of administration were not issued within the State at least six months before the expiration of the Statute of Limitations as so extended, the term of one year after such letters are issued is not a part of the time limited for commencement of an action, affords no relief to the claimant because it did not apply to a cause of action accruing after death and as to such cause of action, there was no other provision for tolling the statute.
The court agrees that for a claim on a decedent’s estate to be made, demand must be made on an executor or administrator; that the filing of a notice of claim with the court was not a demand on an executor as required by statute, nor was it notice to her (Matter of Meyering, 184 Misc. 233), and that the claim herein accrued after death (Matter of Gottheimer, 9 Misc 2d *672 489) and thus none of the provisions of former Civil Practice Act, section 21, are applicable.
While it is true that Matter of Gottheimer (supra) and Matter of Herman (43 Misc 2d 309, 311) both hold that in a claim of this type “ the claim accrues upon the date of death and the time within which it may be enforced against the particular decedent’s estate runs for six years thereafter ”, this court is of the opinion that such holdings are subject to the further rule of law that an action does not accrue until the appointment of a representative upon whom a demand can be made.
The court agrees that a claim maturing or accruing after death is governed by the ordinarily applicable Statute of Limitations, unextended by the relief granted by CPL-R 210 and like statutes. The only question is then, when does the statute (here six years) commence to run? The court believes that a correct statement of the law applicable to this point was set forth by Surrogate Delehaitty in Matter of Richman (168 Misc. 834, 835) when he stated, in an interpretation of the then Civil Practice Act, section 21, “ The section applies only to claims upon which the statute had begun to run prior to death. The claims which matured after death are not covered by the text of the section at all. As to such claims the general six-year statute applies, limited only by the rule of the lato that the catóse of action is deemed to be completely in existence only when there is also in existence a person against whom process can issue.” (Italics supplied.) The court in that instance then went on to hold that the cause of action came into full existence when letters of administration were issued. “ If there is no representative in office at the time the right matures, the claimant may not be prejudiced by a delay in appointment, and the statute will not operate against him, no matter what the extent of the delay of those interested in the estate in securing the appointment of a represetnative.” (2 Bradford Butler, New York Surrogate Law and Practice, § 1481, p. 365.)
The court holds, therefore, that the six-year Statute of Limitations applicable to this claim began to run on the date of issuance of letters testamentary to the petitioner on September 27, 1965. However, because of additional questions of fact, no determination as to the validity of the claim can be made without an accounting. Although section 104 of the Social Welfare Law was amended in 1953 to provide that a claim such as this cannot be defeated or barred by any lack of sufficiency or ability on the part of decedent during the period the claimed assistance was received, this amendment has been held not to have retroactive effect (Matter of Karnbach, 208 Misc. 693; Matter of Herman, *673 44 Misc 2d 585). The Board of Public Welfare accordingly has the burden of proving that decedent was of sufficient ability to have been responsible for the claimed payments made herein (Social Welfare Law, § 101; Matter of Hawes, 208 Misc. 690; Matter of Lombardi, 39 N. Y. S. 2d 62; Whalen v. Downs, 10 A D 2d 148).
In addition, the court is not in a position without an accounting to pass upon the question of whether or not this estate is insolvent. The present value of the vacant real property and the present status of the lien or liens upon it have not been made known to the court. These matters can be determined in an accounting proceeding after the sale, if any, of the real property. Since the claimant has never served a claim upon the executrix, if it is so advised a proper claim should be filed pursuant to section 208-a of the Surrogate’s Court Act.