■ In the Matter of BERNARD W. KAPPEN, Respondent, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant. [602 NYS2d 662] —In a proceeding pursuant to CPLR article 78 to direct the Commissioner of the Nassau County Department of Social Services to execute a waiver of mortgage lien securing an unenforceable debt, the Commissioner appeals from a judgment of the Supreme Court, Nassau County (Winnick, J.), entered June 4, 1991, which, *inter alia,* converted a deed dated April 14, 1960, into a mortgage and canceled it, and canceled a mortgage dated April 14, 1960.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, he did not have a viable claim for the recovery of public assistance paid to the deceased between 1960 and 1970. A local welfare agency has the right to recover from a recipient amounts paid for public assistance, subject to the limitations contained in Social Services Law § 104 *(see, Matter of Flowers v Perales,* 140 AD2d 136, 142; *Baker v Sterling,* 39 NY2d 397; *Matter of Colon,* 83 Misc 2d 344). These limitations apply whether the agency seeks to recover directly in an action or proceeding, or indirectly by enforcing a lien.

Pursuant to Social Services Law § 104 (1), a public welfare official may bring an action against a person discovered to have real property, if such person received assistance and care during the preceding 10 years. In the instant matter, the Nassau County Department of Social Services did not seek to recover sums provided to the deceased between 1960 and 1970, until it served a notice of claim against her estate in 1990. Even assuming, *arguendo,* that the decedent's property was not "discovered" until 1990, the petitioner was still precluded from reaching back beyond the Statute of Limitations period. Thus, it did not have a viable claim for the recovery of this assistance. We note that the Nassau County Department of

Social Services did have a mortgage lien against the property in question, which had been executed in 1960 pursuant to Social Services Law § 106. However, the appellant's ability to enforce the lien has also long since passed *(see,* CPLR 213 [4]; *Matter of Herman,* 43 Misc 2d 309; *Gower v Weinberg,* 184 AD2d 844). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.