OPINION OF THE COURT
C. Raymond Radigan, J.
*290 This is a petition by the coadministrators of the decedent’s estate to vacate the lien of the Nassau County Department of Social Services (DSS) and the notice of claim filed incident thereto. The court is treating the proceeding as one under SCPA 1809 to determine the validity of a claim (SCPA 202).
The decedent, Lorraine Bustamante, died on December 23, 1986 having been the recipient of public assistance from March 17, 1977 to December 1, 1982. No petition for the appointment of a fiduciary was filed until February 29, 1996; letters of administration issued on May 23, 1996. On August 22, 1996 DSS filed its notice of claim seeking repayment of $23,165.05. This proceeding ensued.
Petitioners rely on Matter of Kappen v D’Elia (197 AD2d 575) to support their contention that the lien must be discharged since the claim arising thereon is violative of the applicable Statute of Limitations. Social Services Law § 104 authorizes a public welfare official to bring a proceeding against a recipient (or his legal representative), who is discovered to own real or personal property, to recover for public assistance received within the preceding 10 years. The statute also provides that any assistance received shall constitute an implied contract to repay the assistance given. In Matter of Kappen v D’Elia (supra) the decedent received public assistance from 1960 to 1970; she died in October 1989 and letters issued to her fiduciary on February 9,1990. The Second Department in Kappen held that, even assuming, arguendo, that the decedent’s property was not "discovered” until 1990 when letters issued, the Department of Social Services could not reach back beyond the 10-year Statute of Limitations period.
The Department of Social Services on the other hand argues that Kappen (supra) is not controlling since the decision does not expressly consider a delay in the filing for the appointment of a fiduciary and instead urges this court to follow its own holding in Matter of Cudahy (49 Misc 2d 668), wherein it was held that the Statute of Limitations only begins to run after the appointment of a fiduciary. In Cudahy, the Board of Public Welfare (now the Department of Social Services) was able to collect from the decedent’s estate for public assistance for the period from January 1938 to April 1941 because the proceeding was commenced promptly after letters issued in 1965, even though well in excess of 10 years had elapsed since the recipient’s death.
The court does not find that the cited cases represent conflicting authority; rather, their holdings are easily harmonized and *291 are logically consistent. Social Services Law § 104 essentially gives DSS 10 years to discover assets available for recoupment. Since the agreement is in the nature of an implied contract, CPLR 213 then affords DSS six. years to commence the action. If the recipient is still living, the six years runs from discovery of the property (MacLean v Edenbaum, 6 Misc 2d 933); if the recipient is deceased, the six years runs from the appointment of a fiduciary upon whom process can be served (Matter of Cudahy, supra, at 672; Matter of Holmes, 77 Misc 2d 382).
In Happen (supra) the claim of DSS was rejected because on the decedent’s date of death more than 10 years had already elapsed from the time the decedent last received public assistance. Since no claim for reimbursement would lie against the recipient, no claim could lie against her estate. Here, however, all of the assistance which the decedent received was within 10 years of her death. DSS therefore has a valid claim as to all of that assistance and six years from the date of issuance of letters within which to commence its action, which it has already done. This holding clearly comports with this court’s earlier decision in Matter of Cudahy (supra), wherein the decedent received public assistance for two distinct periods of time: one within 10 years of her death and another beyond 10 years of her death. The court permitted the action with regard to assistance received within 10 years of death but not for the earlier period. In fact, the Board of Public Welfare acknowledged they had no valid claim for reimbursement of that earlier assistance.
Accordingly, the court determines preliminarily that the claim was properly made within the applicable limitations period.