In the Matter of the Judicial Settlement of the Account of Proceedings of PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Successor by Merger to BANK OF MANHATTAN TRUST COMPANY, as Executor, etc., of REBECCA M. COLLINS, Deceased. WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Substituted in Place of FRANK J. TAYLOR, as Commissioner of Public Welfare of the City of New York, Appellant; PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Successor, etc., as Executor, etc., of REBECCA M. COLLINS, Deceased, Respondent.— Decree of the Surrogate's Court of Queens county judicially settling the account of the executor, in so far as appealed from, reversed on the law and the facts, with costs to both parties, payable out of the estate, and proceeding remitted to the Surrogate's Court for a modification of the decree by providing for an allowance of the claim of the appellant as a general creditor of the estate. We are of opinion that ownership of real property is inconsistent with the indigence contemplated by the Legislature in section 80 of the Poor Law and its successor, section 117 of the Public Welfare Law. The term " homes " was used in these statutes in conformity with a legislative purpose expressed not only therein but as to other branches of welfare work (See Public Wel-

fare Law, §§ 105, 106, 109, 124) to provide relief therein as distinguished from public almshouses, wherever practicable. The fee to the realty on which such " homes " are situated is without the scope of such legislative intent, but, instead, provides the basis for recovery when it appears that such owner has received welfare funds as an indigent. (Greater New York Charter, § 685; Poor Law, § 57; Public Welfare Law, § 128.) Knowledge of the facts on the part of an official does not constitute an estoppel when public moneys have been illegally disbursed. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. [151 Misc. 269.]