Maximilian Moss, S.
Decedent died intestate on September 29, 1955. She left her surviving seven adult children and four infant grandchildren, issue of a predeceased son. The. Welfare Department of the City of New York has filed a claim in the reduced amount of $4,915.10 against the estate for public assistance furnished to the infants covering a period subsequent to their father’s death and up to the death of the decedent.
None of the parties questions the liability of the estate for the claim and the right of the Commissioner of the Welfare Department to choose the estate as the principal debtor therefor. *992 (See Social Welfare Law, §§ 101, 102, 104; Matter of Kasner, 175 Misc. 832; Matter of Campbell, 208 Misc. 281, 283.) Accordingly, the administrator proposes to charge the amount of the claim against the general estate, but distribute the net estáte to the adult distributees only, for the reason that, as it appears from Schedule H of the account, the amount of the claim is greater than the distributive shares of the infants. The special guardian contends that the infants’ shares cannot be burdened with the amount of the claim, as they were not possessed of money or property ‘ ‘ at the time such relief was granted ’ ’ (Matter of Berg, 271 App. Div. 934; Social Welfare Law, § 104, subd. 2).
The assistance for which the claim is made against the estate was received by the infants subsequent to the death of their father (who died without leaving an estate), during their mother’s inability to support them, and at a time when the infants were not possessed of money or property. The decedent’s estate is by statute primarily liable, and of sufficient ability to pay the claim. The account shows that the net estate of the decedent, after payment of the claim, will be small.
The court is of the opinion that the objection of the special guardian to the distribution proposed by the administrator should be sustained. The liability for public assistance is statutory (Matter of Hough, 11 Misc 2d 183, 186; Buren v. City of Binghamton, 258 App. Div. 694, affd. 283 N. Y. 467; Foster v. Yates County, 163 Misc. 784). By chapter 656 of the Laws of 1945, effective July 1, 1945, the Legislature amended section 101 of the Social Welfare Law, which in effect continued the liability of a grandparent “if of sufficient ability” for public assistance to his grandchild, but exempted a grandchild from liability for public assistance to his grandparent.
Subdivision 1 of section 104 (eff. March 1, 1941) authorizes a public welfare official to bring an action against a person who received assistance and care and has real or personal property, or against the fiduciaries “and successors in interest” of a decedent who was liable for assistance received by another and lefit real or personal property.
By chapter 838 of the Laws of 1953, effective April 19, 1953, the Legislature added a clause to subdivision 1, section 104, which reads as follows: “ 1. No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received.” That *993 clause was undoubtedly enacted to defeat the defense frequently interposed by fiduciaries of decedents’ estates, and .sustained on the ground that decedent or an adult recipient of public assistance and care was not a person “ of sufficient ability ” as provided by sections 101 and 104 of the Social Welfare Law (see Matter of Tarantino, 183 Misc. 288, affd. 271 App. Div. 780; Matter of Diele, 187 Misc. 196; Matter of Mullen, 64 N. Y. S. 2d 259). It is significant that subdivision 2 of the same section was left intact and so remains. It provides as follows: “ 2. No right of action shall accrue against an infant by reason of the assistance or care granted to him unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements as described in section one hundred and one.” (Emphasis supplied.)
The logical conclusion to be reached from such legislation is that the provisions of the 1953 amendment to subdivision 1 of section 104, were not intended to apply to a claim of a public welfare official for public assistance and care received by an infant “ unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements as described in section one hundred and one.”
On all the undisputed facts and on the account of the administrator, the court finds that none of the grandchildren of the decedent was possessed of money or property at the time he received the public assistance and care for which the claim was filed against the estate. Accordingly, the infants are entitled to their distributive share of the net estate pursuant to section 83 of the Decedent Estate Law. Settle order on notice.