Nathan R. Sobel, S.
This petition requires the court to allocate:(1) attorneys’ compensation, (2) medical expenses incident to the injury and (3) funeral expenses against a “ single action ’ ’ recovery by jury verdict in a cause for conscious pain and suffering (EPTL 11-3.2; 11-3.3) and one for wrongful death (EPTL 5-4.3; 5-4.4). The recovery was for $16,500 with interest;from verdict in the former; for $24,500 with interest from date of death in the latter.
Allocation of counsel fees, medical and funeral expenses is required because of the existence of a lien (unrelated to the injury) of the Commissioner of Social Services. Such a lien (as well as all other debts of the decedent) is payable only out of estate} funds which in this case consists solely of the recovery in the personal injury cause. A recovery in a wrongful death action is not estate funds; these funds belong solely-to the statutory distributees and are not available to decedent’s creditors. (Matter of Maynard, 37 Misc 2d 184, and cases cited.)
The estate funds resulting from the personal injury cause are insufficient to pay the lien. The extent of the deficit depends on how this court directs the allocation of counsel fees, medical expenses and funeral expenses between the two recoveries.
Counsel fees present no difficulty. Compensation of attorneys is not an element of damages in either cause of action. Although the statute (EPTL 11-3.3, subd. [b], par. [1]) requires separate verdicts, it permits a single action. Therefore counsel fees and disbursements as agreed upon shall be charged separately against each recovery, viz., one third to the estate fund created by the personal injury cause and one third to the distributee’s fund created by the wrongful death cause.
The allocation of medical expenses and funeral expenses against these dual recoveries has long been a problem for the courts as witness the many diverse conclusions. (See, e.g., Matter of Riley, 45 Misc 2d 658, and many cases cited and discussed.) Pew of the decisions state any rationale. Because this is a recurring problem it is discussed at some length.
A first observation is that allocation of expenses is essential even when there are no estate debts. The same persons do not necessarily share in the survival (pain and suffering) recovery *135 and the wrongful death recovery. For example, there may be a will disposing of estate assets. More important! Even when the same persons do share in each recovery, they do not share in the same proportion. A widow’s share in an intestate estate may be one third. Her share in the wrongful death recovery measured by her “ pecuniary injuries resulting from the decedent’s death ” may be the bulk or all of the fund (EPTL 5-4.4). Allocation of “ expenses ” to one or the other recovery may affect substantially each person’s share.
Another observation is that the statutes governing actions for wrongful death (EPTL 5-4.3, formerly Decedent Estate Law, § 132 [the “ recovery ” section] and EPTL 5-4.4, formerly Decedent Estate Law, § 133 [the “ distribution ” section]) and survival actions for personal injury (EPTL 11-3.3, subd. [a], formerly Decedent Estate Law, § 120) both appear on their face to permit recovery of medical expenses and funeral expenses. For many years statutes in fact did permit “ double ” recovery and this resulted in much confusion in the decisions. These statutes have been amended and clarified. Some ‘ ‘ history ’ ’ is briefly discussed.
Statutes governing wrongful death actions were first enacted in New York in 1847. Then as now a separate statute provided for the nature of the “ recovery” and another how the fund recovered must be distributed. No provision for recovery or distribution of medical or funeral expenses was included in the early statutes. It was not until 1904 (L. 1904, ch. 515) that provision was made in the distribution ” section (then Decedent Estate Law, § 133, now EPTL 5-4.4) for deduction of funeral expenses from the award. And in 1934 (L. 1934, ch. 216) there was added to the same section, the “ distribution ” section, provision for deduction of medical expenses. No statute however permitted ‘1 recovery ’ ’ of medical or funeral expenses. If the statutory beneficiaries had paid the medical expenses or the funeral expenses, they could apply to the court for reimbursement out of the wrongful death recovery. A creditor to whom these expenses were owed could also so petition.
In 1935 (L. 1935, ch. 224) the Legislature added to the “recovery” section (Decedent Estate Law, § 132, now EPTL 5-4.3) a provision permitting recovery of both medical expenses and funeral expenses in actions for wrongful death. In legal theory, medical expenses were not strictly speaking “ pecuniary injuries resulting from decedent’s death”. Funeral expenses however could be if in fact paid by the distributee beneficiaries. *136 However both were justifiably added to the recovery statute as elements of damages.
For, when these wrongful death provisions were amended, as discussed, no “ double ” recovery of such expenses was possible for the reason that no survival action for personal injury was then permitted. The cause for personal injury and pain and suffering died with the decedent. There was at that period only the wrongful death action for damages suffered by the distributee beneficiaries. There was no remedy or opportunity to recover the complete loss sustained. (Holmes v. City of New York, 269 App. Div. 95, 98, affd. 295 N. Y. 615.)
In unrelated action in 1935 (L. 1935, ch. 795) the Legislature enacted a “ survival” statute (Decedent Estate Law, §§ 119, 120, now EPTL 11-3.2; 11-3.3). That statute permitted recovery by the estate of all damages ‘ ‘ accruing before death ’ ’ and included provision for recovery of medical expenses and funeral expenses as well — thus creating an apparent overlap. Since the new survival statute permitted both the personal injury cause and the wrongful death cause to be combined in a “ single action ’ ’, courts did not of course permit ‘ ‘ double ’ ’ recovery of expenses. Trial courts instructed juries in which cause “ expenses ” were recoverable and Surrogates in making distribution were compelled to examine the instructions, or if settled, the terms of the settlement. This unsatisfactory condition existed up to 1949 and was commented upon in many decisions.
The problem was turned over to the Law Revision Commission for study. The commission made its recommendations in 1949 (see 1949 Report of N. Y. Law Rev. Comm., pp. 205-256) and its recommendations were enacted that same year (L. 1949, ch. 638).
In its recommendations the commission stated supra, p. 216:
“ The Commission believes that sections 120 [now EPTL 11-3.3] 132 and 133 [now EPTL 5-4.3 and 5-4.4] should be amended to clarify the provisions as to damages that may be recovered in each action. The proposed amendments are designed to accomplish the result that damages on account of medical, nursing and funeral expenses shall be recoverable under section 132 [now EPTL 5-4.3] only when paid by the husband or wife or next of kin [now “ distributees ”], or when some one or more of such persons is responsible for the payment; and thereby the persons who have paid or are responsible for such expenses will be reimbursed or exonerated * * *
*137 1 ‘ To the extent that medical, nursing and funeral expenses have been paid by the decedent or out of the estate * * * they should be recoverable in the survival action for the benefit of the estate. The proposed amendments to section 120 [survival action, now EPTL 11-3.3] so provide.”
With respect to medical and funeral expenses, the 1949 amendments added to the wrongful death recovery section the words “ paid by a husband or wife or next of kin or for the payment of which any such is responsible ” (now EPTL 5-4.3); and to the distribution section, the words “ if included in the recovery or settlement ” (now EPTL 5-4.4).
With respect to medical and funeral expenses, the 1949 amendments added to the recovery section of the survival personal injury action, the words “ paid by the estate or for the payment of which the estate is responsible ” (now EPTL 11-3.3).
The 1949 amendments gave adequate directions to the trial or settlement court but did little to alleviate the problem for the Surrogates in making distribution of wrongful death recoveries. These problems are now discussed.
The statutes as thus amended contemplate that where the negligence of the defendant is established, there shall always be recovered both medical and funeral expenses as items of damages in one or the other causes of action. Since the defendant caused such damages, he should be responsible for payment — never the estate resulting from decedent’s own assets.
It is the primary responsibility of the trial or settlement court to allocate such expenses to the appropriate cause of action either in the jury instructions (see P J I 2:320) or within the terms of any settlement of the combined causes of action.
When there has been a settlement solely in the wrongful death cause, there is no problem; both medical and funeral expenses are allocated to that cause. In legal theory even if the decedent lapsed into immediate unconsciousness or died immediately, medical expenses (if any) and funeral expenses may be part of a trial recovery in the survival cause under the terms of the statute. But where there is no settlement or verdict in the survival cause, all expenses are allocated to the wrongful death recovery.
It is only where there may be a trial recovery or has been a settlement in both the survival cause and the wrongful death cause and two separate funds created that the statutes require allocation of medical and funeral expenses to one or the other cause of action.
*138 The wrongful death recovery statute (EPTL 5-4.3) permits recovery of medical expenses and funeral expenses by the distributees in that cause when “ paid by the distributees, or for the payment of which any distributee is responsible”. (Emphasis added.) The survival action recovery section (EPTL 11-3.3) permits recovery of medical expenses and funeral expenses by the estate when “ paid by the estate or for the payment of which the estate is responsible ’ ’. (Emphasis added.) These recovery directions are for the trial court not the distribution (Surrogate’s) court.
When the medical and funeral expenses have been paid before trial or settlement, there is no problem.
If medical expenses have been paid by decedent before death; or if medical or funeral expenses have been paid by the personal representative or the estate after death, then these expenses •should be allocated to the personal injury cause and the estate reimbursed.
If medical or funeral expenses have been paid at any time By one or more of the distributees out of personal funds, then recovery should be allocated to the wrongful death cause and the distributees reimbursed.
The problem is only slightly more difficult when medical and funeral expenses have not been paid prior to trial or settlement as is most often the case. The statute then requires a determination of who is ‘ ‘ responsible ’ ’, the distributees or the estate. If the former, then these expenses are allocated to the wrongful death cause; if the latter, then these expenses are allocated to the “ pain and suffering ” personal injury cause. The Surrogate will then order reimbursement or payment out of the fund to which the trial court in the instructions or under the terms of a settlement allocated these items of damage. The Surrogate is bound by the determination of the trial court as is the creditor. (EPTL 5-4.5, subd. [b].)
Who is “ responsible ” for unpaid medical and funeral bills is a matter of proof at the trial or inquiry on the settlement.
The general practice has been to allocate these items of damage to the estate’s share of the damages, the pain and suffering cause, for the reason that usually the estate assumes the responsibility for payment. However if any of the distributees has assumed the obligation of payment of these expenses, these should be allocated to the wrongful death cause and the distributee exonerated by payment to the creditor.
*139 The personal representative in presenting his account to the court is required to advise in the petition out of which fund these expenses arc to be paid.
The instant petition does not so advise but allocates the medical expense ($4,102) and the funeral expense ($1,039) to the estate share, the pain and suffering cause. Inquiry by this court of the trial court reveals that in the instant case these expenses have been properly allocated.
The administratrix is required however to amend the decree with respect to the allocation of counsel fees as heretofore directed.
The account should be amended and supplemented and as so amended will be settled.