Bertram Harnett, J.
A lien representing past public assistance payments may be satisfied from a recipient’s money recovery in a personal injury action.
But, what happens where the recipient’s aggregated grants represent payments for several family members ’ assistance and care? And are medical assistance payments resulting from general Medicaid or a subsequent accident chargeable against the proceeds of the earlier accident?
A. Facts:
Clarissa Moore was injured as a passenger in a bus accident on September 4, 1971. She brought this action to recover for her injuries, and, through her attorney, has negotiated a $9,000 settlement. Since the accident, Mrs. Moore, her husband Sammy, and her daughter Jo Anne received a total of $8,610.82 in public assistance, including both medical assistance and cash grants for basic needs, giving rise to a lien asserted now in that amount by the Nassau County Department of Social Services. When the full lien is applied against the $9,000 proposed settlement, less attorney’s fees, nothing would be left to compensate Mrs. Moore for her pain and suffering. She was later injured in another bus accident, and a lawsuit to recover for those injuries is now pending.
Her attorney in this action has moved to fix the social services lien against the settlement sum in the first case, asserting that the $8,610.82 figure should be pared down.
B. Allocation of assistance sums:
Tn a hearing set by Mr. Justice Levine, Mrs. Moore and the Social Services Department, by stipulation, broke the figures *1068 down, and isolated the pertinent periods and assistance allocations. Three subdivisions appeared:
1. Past assistance chargeable to plaintiff since the first accident:
Aid to families with dependent children (AFDC) between the first and second accidents .... $1,086.66
AFDC after the second accident....... 459.25
Medical assistance (MA) for injuries in first accident...................... 1,230.18
$2,776.09
All parties stipulate that this amount,of the asserted lien is a valid charge against the settlement. The court in principle accepts this stipulation with the reservation, explained more fully in the remainder of the opinion, that the MA portion be paid to the Social Services Department, not as a lien offset, but as an equitable reimbursement for medical services occasioned by this accident.
2. Assistance attributable to other family members:
AFDC between accidents............. $2,173.34
AFDC after second accident.......... 459.25
Moving expenses of husband.......... 210.00
$2,842.59
All parties agree that this amount of the asserted lien is not a valid charge against Mrs. Moore’s settlement. The court accepts this agreement in full.
3. Disputed medical payments to plaintiff:
MA for injuries of second accident..... $1,631.16
General MA unrelated to accidents .... 1,360,98
$2,992.14
The parties disagree on this amount representing the balance of the asserted lien.
C. The public agency right to a lien:
Subdivision 1 of section 104-b of the Social Services Law providesIf a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such *1069 recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred ”. (Emphasis added.)
Subdivision 13 of section 104-b of the Social Services Law provides that ‘ ‘ the public welfare official may in his discretion release to the injured person an amount not to exceed the cost of two years’ maintenance from the lien herein created ”. However, no guidelines are set forth for the exercise of this discretion.
The statutory lien is drastic in impact upon funds recoverable because of pain and suffering experienced, and for this reason has not been enforced against an injured infant recipient’s recovery. (See, e.g., Marsh v. La Marco, 75 Misc 2d 139; see cases cited in Praylow v. Maklansky (N. Y. L. J., April 2, 1974, p. 17, cols. 4-5.) Nonetheless, the constitutionality of the statute as applied against adults has been upheld. (Snell v. Wymant 281 F. Supp. 853, affd. U. S. 323.)
D. Lien attaches to AFDC payments only for Mrs. Moore herself:
The court approves of the division of the lien according to the amount of assistance actually attributable to Mrs. Moore herself. The wording of the statute refers to the assessable assistance and care rendered to the recipient, not the recipient’s family.
The case law, while to some degree split, is decidedly more favorably disposed to the equitable proposition that a lien for assistance provided which cuts down a person’s ultimate personal injury recovery, should not include amounts for aid furnished to others even if related by blood or marriage. (See, e.g., Romeo v. New York City Tr. Auth., 73 Misc 2d 124.)
The Nassau County officials and plaintiff have commendably adopted this enlightened view and thusly obviated a dispute over most of the lien here.
E. Medical assistance (MA) recovery:
Mrs. Moore contends, however, that her medical assistance áttributable to illnesses other than the injury sustained in the first accident is not includable in the lien against the damage recovery from that accident.
Our analysis does not distinguish between the general medical assistance for ailments and injury treatment attributable to the *1070 second accident on which there has yet been no disposition. Both represent medical assistance debts unrelated to the instant accident.
1. Immunity of ‘ ‘ Personal Property ’ ’ from lien for MA:
Section 104-b of the Social Services Law is silent on the term “ medical ”, while providing a statutory lien for all “ assistance and care ”, Section 369 (subd. 1, par. [a]) of the Social Services Law expresses a legislative concern that the medical assistance provided not encumber the recipient’s property, in the following terms: “No lien may be imposed against the property of any individual prior to his death on account of medical assistancé paid or to be paid on his behalf under this title, except pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual ’ ’.
The medical assistance program in New York is Federally funded and based upon title XIX of the Social Security Act. The corresponding Federal statutory shield of medical assistance recipients from liens is found in section 1902 (subd. [a], par. [18]) of the act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [18]), in terms almost identical to section 369 of the Social Services Law.
Although neither statute defines what “ property ” means, the Federal regulations promulgated under the Social Security Act state: 11 the term ‘ property ’ includes not only the homestead but all personal and real property in which the recipient has a legal interest ” (Code of Fed Reg., tit. 45, § 249.70). (See U. S. Dept. of Health, Educ. & Welfare, Handbook of Public Assistance Administration, Supplement D, § D-5710 et seq.)
2. A personal injury claim is personal property:
The nature of “personal property” is not specified in the Federal regulations, so we must look to the law of New York to ascertain whether claims for personal injury damages are “ personal property ”, immune from medical assistance liens.
A claim for personal injury is a chose in action which has a value. It is intangible, yet nonetheless personal property subject to encumbrances. (See Uniform Commercial Code, §§ 1-206, 8-319.) The case law in New York unanimously holds that choses in action for personal injuries are personal property. ‘ ‘ Rights of action for damages for personal injuries * * * are choses in action and personal property”. (Matter of Walton, 20 A D 2d 386, 389; Mnich v. American Radiator Co., 263 App. Div. 573, affd. 289 N. Y. 681; Citron v. Mangel Stores *1071 Corp., 50 N. Y. S. 2d 416, affd. 268 App. Div. 905, app. den. 268 App. Div. 978; see 47 N. Y. Jur., Property, § 5.)
Accordingly, Federal law prevents a medical assistance recipient’s claims for personal injury from being subject to liens. The purpose of this shield is to give such persons a greater opportunity to eventually become financially independent and to avoid encumbering their property with liens for medical aid furnished. (Cf. General Obligations Law, § 13-101, subd 1; Silinsky v. State-Wide Ins. Co., 30 A D 2d 1, 6-7.)
3. New York’s Medicaid lien is invalid:
New York, however, departs from Federal law in the last sentence of section 369 of the Social Services Law, added only months after the State enactment of the Federally inspired lien prohibition, which appears to contradict section 249.70 of title 45 of the Code of Federal Regulations: “ Nothing contained in this subdivision shall be construed to alter or affect the right of a public welfare official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-a of this chapter.”
Nonetheless, the Federal regulation is binding upon New York’s medical assistance program so long as New York continues to accept millions of Federal dollars in reimbursement for the coverage provided. The courts (Payne v. Sugarman, 39 A D 2d 720, affd. 31 N Y 2d 845; Matter of Ryan v. New York State Dept. of Soc. Servs., 40 A D 2d 867; Matter of Groesbeck v. Lavine, 40 A D 2d 917); and the New York State Legislature (L. 1970, ch. 517, § 1; Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724) have both expressed New York’s firm adherence to this principle. (See Wilczynski v. Harder, 323 F. Supp. 509; Schaak v. Schmidt, 344 F. Supp. 99.) Accordingly, section 369 of the Social Services Law, to the extent that it purports to permit medical assistance liens against personal injury claims beyond those permitted by section 249.70 of title 45 of the Code of Federal Regulations is invalid and not binding.
Therefore, both amounts of medical assistance unrelated to the accident, totaling $2,992.14, are not includable in the department’s lien.
4. Pursuit of third party for MA reimbursement:
We must, however, return to consider the $1,230.18 portion of the lien, agreed to by the parties, representing medical treatment of injuries sustained in the accident and resulting in this lawsuit. . On the one hand, being for medical assistance, it is prohibited *1072 by section 249.70 of title 45 of the Code of Federal Regulations. Still, section 250.31 of title 45 of the Code of Federal Regulations provides that a third party may be pursued for reimbursement of medical assistance in the following terms: ‘ ‘ The State or local agency will take reasonable measures to ascertain any legal liability of third parties * * * for the medical care and services included [and] will seek reimbursement from a third party for [medical] assistance provided when the party’s liability is established after [such] assistance is granted ”.
In essence, reading the two Federal regulations together, we find the department may seek reimbursement from liable third parties for MA, notwithstanding the over-all prohibition on MA liens against the service recipient. The distinction depends upon who is the target of MA recovery. The recipient cánnot be charged, but a third party, such as a tort-feasor who caused the injury, can be charged. The distinction blurs in this case because the claimed tort-feasor in effect is holding the recipient’s property, in the obligation to pay settlement proceeds. Still, permitting direct reimbursement here for injury-related MA makes sense because the. department is effectively subrogated to Mrs. Moore’s claim for medical expenses. Since MA covers, payments made by the department, and not the recipient, the interests of fairness strongly recommend that reimbursement be allowed within the instant transaction. The department has participated here and presented its position. No further proceeding is required to determine its rightful claim. (See CPLR 104.)
F. Final allocation of settlement proceeds:
Therefore, an order shall be made, fixing the lien of the Nassau County Department of Social Services at $1,545.91, plus the equitable reimbursement charge of $1,230.18 for medical reimbursement of expenses related to the instant accident. The asserted lien shall be discharged upon payment of these amounts out of the settlement proceeds.