Samuel A. Spiegel, J.
This is a motion for an order directing defendant, New York City Transit Authority, to pay the amount settled upon in a compromise order entered on July 13, 1973.
Plaintiff, nine years old, sustained severe personal injuries when his foot was caught between a subway platform and a train *569 on February 3,1969. He was hospitalized at St. Vincent’s Hospital for approximately 10 weeks thereafter. His claim for personal injuries against the New York City Transit Authority was settled for $15,000 and a compromise order was signed by the court on July 13, 1973. The derivative action by the infant’s mother for medical expenses and loss of services was discontinued without costs, but with prejudice.
The infant’s family is now on welfare and was a recipient thereof at the time of the accident. The hospital bill in the sum of $7,124.52 was paid by the Department of Social Services which now contends that it has the right to impose a lien for that amount upon the infant’s recovery.
The court finds that the Department of Social Services has no right to impose a lien upon the infant’s recovery under sections 104-b and 369 of the Social Services Law. Section 104-b provides that if the recipient of public assistance shall have a right of action on account of personal injuries suffered, the public welfare official for the welfare district providing assistance shall have a lien. Section 104-b does not apply to the infant. His parent was the recipient of welfare. Section 369 refers specifically to medical expenses and reads as follows: “ Nothing contained in this subdivision shall be construed to alter or affect the right of a public welfare official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-a of this chapter.” (Italics ours.) Thus, since section 104-b (known as section 104-a prior to 1969) does not authorize the imposition of a lien on an infant’s recovery, section 369 has no effect herein.
In Galante v. Doe (68 Misc 2d 295), the court held that a minor child whose mother is a recipient of social assistance is not a ' ‘ recipient ’ ’ of public assistance within the meaning of section 104-a but, rather, a beneficiary of the assistance, and the Department of Social Services cannot obtain reimbursement for funds paid in settlement of the infant’s cause of action. In the ease at bar, the Department of Social Services, acting in place of the infant’s needy parent, paid the hospital bill.
The mother of the infant withdrew her cause of action. Had she recovered on her cause of action for medical expenses, then she. as the recipient, would have had to repay the Department of Social Services.
The infant’s recovery is to be held in trust for him until he is of age. The settlement was compensation for his pain and suffering and not reimbursement for his medical expenses nor *570 to purchase necessaries for him during his minority. “ Necessaries ” as a term of art includes medical and hospital expenses (Marsh v. La Marco, 75 Misc 2d 139, 142). Thus, even if we accept the reasoning of the Civil Court of the City of New York in Medina v. New York City Tr. Auth. (March 29, 1973, Index No. 130115/72), in holding that a lien is proper where “ recovery has been had for these expenses (i.e., medical expenses, necessaries) from the defendant tortfeasor,” it does not conflict with this court’s ruling rejecting the lien.
The court is aware of the recent decisions in this area (Praylow v. Maklansky, N. Y. L. J., April 2, 1974, p. 17, col. 4; Montgomery v. Ramos, 44 A D 2d 811; Andrews v. Jones, N. Y. L. J., June 26, 1974, p. 16, col. 8). Although the Praylow decision clearly rejected the alleged lien of the Social Services Department, the decisions in Montgomery and Andrews raised questions as to the basis of recovery pursuant to the particular settlements. In the present case, this court presided over the settlement of this action. The court is familiar with all the circumstances of the settlement and with the nature of the recovery granted, which did not include reimbursement for medical or hospital expenses.
Moreover, deduction of 'the amount of the lien expended to pay the infant’s hospital bill would be inhumane and unsound, as well as economically shortsighted and unfeasible.
At the time of the accident, Edwin Cruz was nine years old. He sustained the following severe injuries: Femoral shaft fracture of the right leg with overriding and displacement; midtibial fracture of the right leg with overriding and, lateral displacement; dislocation of proximal right fibula; substantial callus formation, bone demineralization, and periosteal reaction; crushed, injured, and avulsed tissue of the right interior tibular area; skin graft from the left thigh to the site of the injury resulting in substantial scarring.
The insertion of Steinman pins was necessary. It is a process whereby the infant’s skin was pulled upward and the pin was pushed through the skin and drilled through the bone and out through the skin, on the opposite side of the leg. Again, the skin was pulled upward before the pin emerged in order to avoid undue pressure on the skin when traction was applied.
The infant was confined to St. Vincent’s Hospital and Medical Center from February 3, 1969 to April 22, 1969, and was thereafter confined to bed and home, intermittently, for approximately one year. He was absent from school for approximately one year.
*571 It can be seen from the above facts that infant’s pain and suffering were indeed serious and severe.
Because of questionable liability, the infant’s recovery of $15,000 seems quite minimal when we consider that one third of that sum goes directly to his attorney. Further, if we sub-, tract $7,124.52, the amount of the alleged lien, from the remaining $10,000, the infant is left with less than $2,900.
The severe and painful injuries sustained by the infant are bad enough in themselves. No money would ever suffice to compensate him for the pain he has suffered nor for the violence done to his body. However, in addition to the pain and the physical impairments which he will carry with him through life, he is also disadvantaged in that he comes from an underprivileged background.
He is a resident of one of the worst slums in the city. He comes from a broken home, since his father has not lived with the family for the past several years. His mother, who is unable to support herself and her children, is dependent upon the largesse of the Social Services Department. Coming from such an environment, Edwin Cruz would have had a difficult time in achieving any success in society at large, in any case, even if “ whole ”. Now, with a permanent handicap to impede his progress, he will find it even more difficult to do so. The settlement recovery is designed to alleviate this process of adjustment. It can be used to further his education or to help him learn a trade or to start a business so that he can earn a. livelihood.
If the Social Services Department deprives him of the bulk of his recovery the infant will encounter increased difficulty in his projected struggle to gain a useful place in society. Very likely, he will lose in the unequal battle against poverty and sickness and become a permanent ward of the State partly due to the handicap caused by this accident.
Thus, the Social Services Department would be adversely affected since his maintenance on the welfare rolls would be much more costly than the forbearance of the collection of the $7,124.52 lien.
In any event, an infant’s recovery which is solely for his pain and suffering should not be subject to a lien for welfare payments given to his parents.
Accordingly, the order directing the defendant, New York City Transit Authority to pay the settlement in the amounts and in the manner specified in the infant’s compromise order, entered by this court on July 13,1973, is granted and the lien is vacated.