Nathan R. Sobel, S.
The recurring problem of the right of social service departments ("Departments”) to recover for public assistance and care given to needy recipients has been troubling our courts since 1935 and with increasing frequency of late. In our Supreme Court such issues arise mainly with respect to claims by a Department against personal injury recoveries. The Surrogate’s Courts are concerned with claims by a Department against estates and as well against legatees and distributees of these estates.
Although there have been hundreds of reported decisions, for reasons which are obvious, none has attempted to articulate at any length the basis for such decision. It may be helpful to state in the briefest manner the applicable general principles.
1. In the absence of a recovery statute authorizing a Department to recover assistance and care correctly paid, there is no obligation to repay the Department. (City of Albany v McNamara, 117 NY 168.) New York has enacted such "recovery statutes” (Social Services Law, §§ 101, 104, subds 1, 2; §§ 104-b, 369). Although enacted separately, these recovery statutes are interrelated and dependent upon one another.
2. A recovery statute is one which authorizes a Department to recover the cost of assistance and care (a) from a "recipient” or the estate of such recipient, and (b) from a "responsible relative” of such recipient or from the estate of such responsible relative.
Almost all assistance and care to the needy of this State is *346 today given under one or another of the categorical programs (mainly "Assistance for Families with Dependent Children ['AFDC’] and Medical Assistance ['MA’]) under the Social Security Act. As a condition of Federal assistance, some of these programs limit the resources, both in terms of the recipient’s property and contribution from his responsible relatives, to which the State may look in determining eligibility. As a consequence New York has been compelled to amend its recovery statutes or enact new recovery statutes. Preamendment decisions in many cases are no longer relevant.
Since Departments often contend before the courts that denial of recovery imperils Federal assistance, it should be observed that the Social Security Act does not require as a condition of assistance that States enact recovery statutes. In fact many States have none. True, Congress has given implied recognition to recovery statutes by requiring States which do recover to share the recovered proceeds. (E.g., US Code, tit 42, § 603, subd [b], par [2].) But the Federal statute is directed toward "incorrectly” not correctly paid assistance.
3. Some problems arising under the AFDC and MA programs should be mentioned.
AFDC was initiated as ADC in this State in 1936 under the Social Security Act of 1935. The later substituted AFDC program, although benefiting primarily dependent children of the family, also provided for the allocation of assistance to the head of the "family”, usually the mother. Under our recovery statutes recovery may often be had against the mother for assistance allocated to her but not to the children. The Departments are required to maintain separate allocations and are most co-operative in furnishing such records to the courts.
MA as a Federally assisted program was initiated in this State in 1966 (L 1966, ch 256, § 3, eff April 30, 1966). The cited statute, as will be later discussed, made drastic changes in our recovery statutes. Among the changes mandated by the Federal act (US Code, tit 42, § 1396a, subd [a], par [18]) were severe limitations on the recipient’s resources to which the Departments could look in determining eligibility. The cited 1966 statute to conform added section 369 to the Social Services Law. Unlike the other recovery statutes section 369 was made applicable solely to MA recoveries. Since however AFDC families are automatically eligible for MA, frequently courts will be required to allow recovery for AFDC but not for MA assistance. The Department will be required to segregate *347 these allocations. (See, e.g., Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066.)
With these general observations we consider the recovery statutes, emphasizing however that section 104 is the basic statute which in the first instance determines liability and around which the other statutes (Social Services Law, §§ 101, 104-b, 369) revolve.
THE "RESPONSIBLE RELATIVE” STATUTE: SOCIAL SERVICES LAW, § 101
We discuss here section 101 solely as a "responsible relative” statute. (We do not discuss its function together with other statutes [Social Services Law, § 101-a; Domestic Relations Law, § 32; Family Ct Act, §§ 412-415, 422, 422a; Mental Hygiene Law, § 43.03] to require contemporaneous contribution by responsible relatives for assistance presently provided to their recipient relatives.)
To the extent section 104 authorizes a Department to recover, section 101 defines who is a "responsible relative” (hereafter "RR”) from whom recovery may be had for assistance granted to his recipient relative. The statute antedates the Social Security Act by over a century.
It became a State-wide law when the State took over from the municipalities responsibility for public assistance. (L 1929, ch 565, § 125, as Public Welfare Law, § 125, later re-enacted and renumbered Social Services Law, § 101.)
Section 101 has been amended many times. As originally enacted in 1929, a spouse was responsible for the other spouse; grandparents and parents were responsible for their adult and infant grandchildren and adult and infant children and grandchildren were responsible for their parents and grandparents.
The first major change in the statute was made in 1936 (L 1936, ch 426, § 1). The 1936 amendment exempted infant children or grandchildren from all responsibility for their parents or grandparents. Although no decision has considered the question, the 1936 amendment also exempted infant spouses and infant parents from all responsibility for assistance and care given to their spouses or infant children, while such RR spouse or parent was an infant.
The next and last major amendment to section 101 was made in 1966 (L 1966, ch 256, § 18). The 1966 amendment exempted adult children (as had the 1936 amendment infant *348 children) from responsibility for their parents and exempted parents from all responsibility for their adult children. Parents, however, remained responsible for their infant children and adult children remained responsible for their spouses and infant children.
It is observed that the 1966 amendment was commanded on the States by the Social Security Act but only with respect to the MA categorical program. (See US Code, tit 42, § 1396a, subd [a], par [17].) New York, in amending section 101, made the new provisions applicable to all assistance whether Federally or solely locally supported.
Section 101 in addition to defining who are RRs also limited the conditions under which an RR could be found liable. The statute specifically provides that one is an RR only "if of sufficient ability.” This provision, as discussed under section 104, has been held to mean "of sufficient ability during the period when assistance was being provided to the recipient relative.” (Hodson v Stapleton, 248 App Div 524; Klebes v Condon, 260 App Div 238.)
Section 104, next to be discussed, further limits the liability of an RR. Subject to such further limitations, under the definitions of present section 101 only the following can be held responsible as an RR:
(a) An adult spouse for assistance and care to his spouse.
(b) An adult parent and stepparent only for assistance and care to his infant children or stepchildren.
But such RRs can only tie held responsible if they were "of sufficient ability” during the period when assistance was being given to their recipient relative.
And, in conclusion, an infant (under 21) can never be held responsible as an RR.
RESPONSIBILITY OF ADULT RECIPIENTS OR THEIR ESTATES AND RESPONSIBILITY OF ADULT RRS OR THEIR ESTATES: SOCIAL SERVICES LAW, § 104, SUBD 1
As earlier observed, section 104 is the basic recovery statute upon which all others depend.
As first enacted in 1901 (L 1901, ch 664, § 1, Poor Laws, § 57) it applied only to the liability of the recipient ("Recovery from Paupers”). It was recodified in 1929 (L 1929, ch 565, § 128, as Public Welfare Law, § 128, now Social Services Law, § 104) to apply to recipients, to the estates of recipients, to RRs and to the estates of RRs.
Subdivision 1 of section 104 (subd 2 is discussed separately) *349 as enacted in 1929 (and as it reads today) in relevant part provides as follows: "A public welfare official may bring action or proceeding against a person discovered to have real or personal property, or against the estate * * * of a person who dies leaving real or personal property, if such person, or anyone for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract.”
Some 100 odd decisions construe section 104. Some essential observations, and these as briefly as possible, are made.
1. As observed, section 104 gives to a Department the right to recover (a) against the recipient himself; (b) against the RR (as defined in § 101) of the recipient; (c) against the estate of a recipient, and (d) against the estate of the RR.
2. Section 104 distinguishes between actions brought to recover from the living recipient or his living RR and actions or claims against the estates of deceased recipients or RRs.
With respect to actions against living recipients and RRs, section 104 from its inception in 1929 has permitted recovery from such persons "discovered to have real or personal property.” Whatever may have been the original purpose of employing such odd but broad statutory language, the decisions establish that section 104 has never been used by the Departments to recover from wages or salaries of living recipients or RRs or from property acquired from such earnings. Today this is established policy. (See Policies Governing Administration of Public Assistance, N Y City Dept, of Social Services, § 389.) This policy is understandable since the expressed purpose of public assistance is to assist the recipient to attain and retain self-supporting status. (See, e.g., US Code, tit 42, § 601.)
Instead, as the decisions establish, the thrust of proceedings by the Departments against living recipients and RRs has been to recover from "windfalls” to them resulting from personal injury recoveries or inheritances (as legatees or distributees) from another’s estate. (Hodson v Stapleton, 248 App Div 524, supra [inheritance by an RR]; Matter of Beaman, 171 Misc 578 [inheritance by a recipient]; Borsman v Mannix, 46 AD2d 885 [personal injury recovery by a recipient]; Marsh v La Marco, 46 AD2d 888 [personal injury recovery by a recipient].)
As regards recoveries against estates of deceased recipients *350 or RRs, section 104 authorizes recovery from "the estate * * * of a person who dies leaving property” (not as in the case of living persons "discovered” to have property). Since there is no longer a policy to assist the living to attain or retain self-supporting status, the decisions hold that recovery may be had from all assets of the estate of deceased recipients or RRs, irrespective of source. (Matter of Collins, 243 App Div 737; Matter of Berg, 271 App Div 934; Matter of Moore, 277 App Div 471; Matter ofFalletta, 22 Misc 2d 991; Matter of Rapalje, 73 Misc 2d 16.)
3. Subdivision 1 of section 104 also provides — "Any public assistance or care received by such person shall constitute an implied contract.” This sentence, since 1929 part of the statute, was included to avoid the common-law defense that "charity” correctly given by government, cannot be recovered. (Matter of Lang, 242 App Div 781; Matter of Trent, 159 Misc 822.) However, the "implied contract” applied only to recipients and their estates but not to RRs and their estates. When a Department sought to recover from the RR or his estate, the defense was commonly asserted that there could be no liability under section 104 since the RR, while now "discovered” to have property or the RR’s- estate to have assets, the RR, under the express provisions of section 101, was not of "sufficient ability” during the period assistance was given to his recipient relative. For a decade at least, the courts failed to agree on this "defense.” Finally in Matter of Moore (277 App Div 471, supra) the court observing that the weight of authority favored exemption, held that a Department could not recover under section 104 from either the RR or his estate, unless the Department could establish affirmatively that the RR was indeed of "sufficient ability” during the period assistance was being given to his recipient relative.
Shortly thereafter, in 1953 (L 1953, ch 838, § 1) the Legislature "compromised” by adding to subdivision 1 of section 104 the sentence — "No claim of a public welfare official against the estate * * * of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received.”
It is observed that the 1953 amendment was made applicable only to the estates of the RR but not to a living RR. As a consequence another distinction is presently observed in the decisions by our courts.
*351 In summary of the above discussion, a Department may presently recover (a) from an adult recipient and his estate under an implied contract to repay without regard to his "sufficient ability” during assistance; (b) from a living RR but only if the Department can establish "sufficient ability” during the period of assistance (Whalen v Downs, 10 AD2d 148; Matter of Liddle v Roberts, 15 AD2d 620; Matter of Dumpson v Cembalist, 23 AD2d 647; Borsman v Mannix, 46 AD2d 885, supra); (c) from the estate of a deceased RR without regard to his "sufficient ability” during the period of assistance (Matter of Karnbach, 208 Misc 693; Matter of Falletta, 22 Misc 2d 991, supra; Matter of Trussell v Kostiw, 35 Misc 2d 60).
4. Under subdivision 1 of section 104 the Department is permitted to recover from the recipient, his RR or their estates only for "assistance and care [received by the recipient] during the preceding ten years”.
This is not a Statute of Limitations limiting the period within which an action may be commenced. It simply confines the period for which assistance and care may be recovered to a period of 10 years.
The decisions hold that under the terms of the statute, the 10-year period is measured backwards from the time a living recipient or a living RR is "discovered” to have real or personal property. (Rhatigan v Curry, 191 Misc 3, affd 275 App Div 691; Matter of Herman, 43 Misc 2d 309; Matter of Alton, 55 Misc 2d 985).
If not "discovered” until after the recipient or his RR dies, the 10-year period is measured backwards from the time the recipient or his RR "dies” leaving real or personal property. (Matter of Gottheimer, 9 Misc 2d 489; Matter of Hough, 11 Misc 2d 183; Matter of Cudahy, 49 Misc 2d 668; Matter of Holmes, 77 Misc 2d 382.)
The time within which an action must be commenced or a claim duly filed by a Department is measured from the time the cause of action "accrued” to the time of its commencement. (CPLR 203, subd [a].) A cause of action against a living recipient or RR accrues at the time he is "discovered” to have property and runs for six years (CPLR 213). A cause of action or claim against an estate accrues when the recipient or RR "dies” leaving property and runs for six years (CPLR 213) if not further extended by delay in appointing a personal representative or as provided by statute. (CPLR 210, subd [b].)
*352 5. Two other amendments to subdivision 1 of section 104 are briefly mentioned.
In 1963 (L 1963, ch 509, § 1) a paragraph was added to subdivision 1 of section 104 to provide that it is not a defense "that another person or persons may also have been liable to contribute.” This provision had some utility when prior to 1966 several adult children might have been liable as KRs for their parent recipient. It has little utility today. It is observed however that a Department may assert a claim against either an RR’s estate or against the recipient himself. As against the Department, it is no defense that the recipient is primarily liable. Occasionally the fiduciary of an estate will be required in making distribution to determine such an issue. When an RR dies, frequently his recipient will also be a beneficiary of his estate. In such a case, the recipient beneficiary is primarily responsible and the estate secondarily liable to the extent that the beneficial share of the recipient is insufficient to pay the claim. However if the recipient beneficiary was an infant during the period of assistance only the estate is liable, the infant recipient is not. (Matter of McClancy, 182 Misc 866, affd 268 App Div 876; Matter of Berg, 271 App Div 934, supra; Matter of Falletta, 22 Misc 2d 991, supra.)
In 1964 (L 1964, ch 573, § 1) a final paragraph was added to subdivision 1 of section 104 making a Department a "preferred creditor.” While even in the absence of statute, a sovereign State is generally entitled to preference (Marshall v New York, 254 US 380) it was not certain that local Departments were also entitled to such preference. The statute puts such issues to rest.
LIABILITY OF AN INFANT RECIPIENT: SOCIAL SERVICES LAW, § 104, SUED 2
Subdivision 2 of section 104 applies solely to claims of a Department against an infant or his estate as a recipient of public assistance. As discussed under section 101, neither a living infant nor a deceased infant’s estate can ever be responsible as an RR for assistance given to others.
It is observed that under the general amendments of 1974 reducing the age of infancy, subdivision 2 of section 104 was exempted (L 1974, ch 909, § 4-a). The cited statute omitted the word "infant” and substituted "a person under 21.” Reference hereafter to an "infant” means a person under 21.
*353 Subdivision 2, in substantially its present terms, has been since 1936 (L 1936, ch 463, § 1) a part of section 104. It was made a separate subdivision in the recodification of 1940 (L 1940, ch 619, § 10, as amd L 1941, ch 82, § 7).
Subdivision 2 of section 104 now provides — “No right of action shall accrue against a person under twenty-one years of age by reason of the assistance and care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
This is odd language couched in Statute of Limitation terms. But as construed by the courts, its plain meaning has always been that there may never be a recovery under section 104 from a living infant or his estate for assistance and care given to him during infancy. A “right of action shall accrue” however if the infant had funds “in excess of his reasonable requirements,” a provision which may be disregarded since it has never been an issue in the decisions.
Although no decisions have as yet so held, it is probable that subdivision 2 prohibits recovery from an adult or his estate for assistance and care received by him while he was under the age of 21. The history of the statute, as well as its terms, supports such a construction. (See Matter of Beaman, 171 Misc 578, supra.)
As discussed, the thrust of section 104 is against "windfalls” in the nature of personal injury recoveries and inheritances. In such instances, our courts have consistently denied recovery to the Departments from living infants. (Matter of Beaman, 171 Misc 578, supra [inheritance]; Matter of Falletta, 22 Misc 2d 991, supra [inheritance]; Matter of Woods v Mason, 32 Misc 2d 745 [personal injury recovery]; Galante v Doe, 68 Misc 2d 295 [personal injury recovery]; Washington v Beitel, 77 Misc 2d 1016 [personal injury recovery]; Cruz v New York City Tr. Auth., 78 Misc 2d 568 [personal injury recovery]; Cardona v Goudot, 79 Misc 2d 139 [personal injury recovery]; Marsh v La Marco, 46 AD2d 888, affg 75 Misc 2d 139, supra [personal injury recovery].)
Recovery from an infant’s estate or from an adult recipient’s estate for assistance and care received by him while he was under 21 years of age will also be barred.
In total summary of sections 101 and 104, a Department may recover—
*354 (a) From an adult recipient or the estate of an adult recipient for assistance and care received by him while an adult;
(b) From a living adult RR for assistance and care furnished to his spouse or his infant children but only if such living RR was of "sufficient ability” during the period of assistance;
(c) From the estate of a deceased adult RR for assistance and care furnished to his spouse or his infant children regardless of whether he was of "sufficient ability” during the period of assistance.
DEPARTMENT LIENS FOR ASSISTANCE AND CARE: SOCIAL SERVICES LAW, § 104-B
A few decisions discuss section 104-b as creating a right to recover. The great weight of the decisions is to the contrary: the section creates no new right which does not exist under subdivisions 1 and 2 of section 104.
Section 104-b was added to the Social Services Law in 1964 (L 1964, ch 382, § 1, as § 104-a; renum § 104-b by L 1971, ch 550, § 1). Its sole purpose was to facilitate recovery by a Department where liability to repay the Department existed under section 104.
Section 104-b is restricted to a narrow set of circumstances although it is applicable to a great many cases. It is limited to (a) living recipients; (b) to actions by such recipients to recover damages for personal injury; (c) the Department recovery is limited to care and assistance furnished to the recipient after the injury.
It was the experience of the Department that often such personal injury actions were settled and payment made by the insurance carrier before the Department could assert its claim. The section was purposed solely to facilitate collection by allowing the Department to file a notice of lien with the carrier. A lien attached to any recovery. The carrier will not pay without the consent of the Department or an order of the court.
Since section 104-b imposes no liability which does not exist under section 104, the decisions hold that no lien can be asserted against an infant plaintiffs cause of action. As discussed, under subdivision 2 of section 104 there may be no recovery for assistance and care furnished to an infant. Where the Department may not recover there can be no lien. Many recent decisions so hold. (Marsh v La Marco, 46 AD2d 888, *355 supra, and cases cited; Cruz v New York City Tr. Auth., 78 Misc 2d 568, supra.)
To say that no "lien” may be asserted does not mean that the Department may not recover; recovery can be had without the benefit of a lien whenever permitted by section 104. Some obvious examples are:
1. The section 104-b lien does not apply to assistance and care furnished to the recipient plaintiff prior to his injury. Yet from the proceeds of his cause of action, the Department may recover for such prior assistance and care under section 104 without the lien to facilitate recovery.
2. Section 104-b applies to personal injury actions commenced by a "recipient”. Often a personal representative of a deceased recipient will commence a combined action for personal injuries and wrongful death. When an allocation for the pain and suffering cause is made to the estate of the recipient, the Department may recover from the estate, under section 104, for all assistance (before and after the accident) without the assistance of any lien.
3. Section 104-b does not apply to personal injury actions commenced by an RR. Yet under section 104 the Department may recover from the proceeds of such an action from the RR (if of sufficient ability during the period of assistance) or from the estate of an RR for all assistance and care furnished to his relative recipient without the benefit of a lien.
It is clear that section 104-b as a statute does not "authorize” recovery; it merely facilitates recovery where such recovery is authorized by section 104.
RECOVERY OF MEDICAL ASSISTANCE: SOCIAL SERVICES LAW, §369
Medical Assistance as a Federally assisted categorical program was adopted in New York in 1966 (L 1966, ch 256, § 3). It is helpful to consider that the Federal program was purposed to assist the "medically indigent” not solely the totally impoverished. A recipient could be eligible for MA while yet possessing specified minima of income and assets.
Relevant to the present discussion, Congress also severely limited the circumstances under which a State could permit recovery of MA "correctly paid.” (US Code, tit 42, § 1396a, subd [a], par [18].) In order to qualify for Federal assistance, New York enacted section 369 which incorporated in the *356 Social Services Law substantially verbatim the limitations in the cited Federal statute.
Section 369 is applicable solely to MA, not to any other assistance program. It is applicable to MA "correctly paid”: no limitation is placed on the right to recover MA "incorrectly paid.” (Matter of Galcia, 59 Misc 2d 511; Matter of Crow, 56 Misc 2d 398.)
In substance, section 369 provides—
(a) No lien may be imposed on the property of any living MA recipient. (A similar provision is contained in the Federal OASDI and SSI programs.)
(b) No recovery for MA assistance may be had from any living recipient. (See US Cong News, 1965, pp 2020 & 2147.)
(c) No recovery may be had from the estate of a deceased recipient except from the estate of a deceased recipient who was 65 or over when he received MA and then only if he is not survived by a spouse or a child under 21 or blind or disabled. (Matter of Rundell, 41 AD2d 995; Matter of Rapalje, 73 Misc 2d 16, supra.)
(d) By cross reference to subdivision 3 of section 366, section 369 also permits recovery from a living RR (spouse or adult parent of a recipient) provided such RR was of "sufficient ability” during the period of assistance. No mention is made of recovery from the estate of an RR.
As observed, section 369 severely limits recovery for MA correctly paid. Often recovery for AFDC benefits may be had from a recipient, his estate or the estate of an RR in circumstances where recovery for MA is forbidden by section 369. (Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066, 1071-1072.)
Shortly after the enactment of section 369, it was amended by a chapter law of the same year (L 1966, ch 800, § 1). The amendment added to section 369, the paragraph — "Nothing contained in this subdivision shall be construed to alter or affect the right of a public welfare official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-a [now 104-b] of this chapter.”
The State Department’s memorandum to the Governor stated that the amendment was purposed to eliminate an "ambiguity” by making it clear that the "no lien” provision of section 369 would not prevent the Department from recover *357 ing under section 104-b "the cost of medical assistance provided to an injured person.” The memorandum added that such amendment was approved by the Federal Department (DHEW) provided it was "limited to the recovery of the cost of medical assistance for personal injuries with respect to which a recipient has a right of action and limited only to medical assistance provided on account of such injuries.”
As heretofore discussed section 104-b gives a Department a lien in any action commenced by an adult plaintiff recipient to recover damages for personal injuries to the extent of all assistance and care furnished after the injury. Such lien includes AFDC payments as well as MA payments, the latter whether related or unrelated to the injury. Under section 369 the lien attaches to MA payments made after the injury but only if related to such injury. With respect to personal injury actions by adult recipient plaintiffs our courts have so held. (Borsman v Mannix, 46 AD2d 885, supra, and cases cited; Moore v Nassau County Dept. of Public Transp., 78 Misc 2d 1066, supra.)
As previously discussed, a Department by virtue of subdivision 2 of section 104 may not recover for any type of care and assistance given to an infant. Since there is no right of recovery, there can be no lien under section 104-b against an infant plaintiff’s cause of action for personal injuries. By amending section 369 to incorporate the lien provisions of section 104-b the State Department, whatever its intention, did not permit recovery of MA care from an infant’s personal injury action.
The Federal Act however does require a State "to ascertain the legal liabilities of third parties * * * to pay for care and services * * * arising out of injury [and to seek] reimbursement for such assistance to the extent of such legal liability.” (US Code, tit 42, § 1396a, subd [a], par [25].) When there is included in the infant’s settlement or judgment damages for medical expenses incurred but paid for by a Department, the Department should surely be permitted to recoup either from the infant plaintiff’s recovery or from the recovery in a derivative action by the parent.
As the decisions establish, this problem has troubled the courts. (Galante v Doe, 68 Misc 2d 295, supra [no recovery]; Montgomery v Ramos, 44 AD2d 811 [recovery allowed if settlement included medical expenses]; Cruz v New York City Tr. Auth., 78 Misc 2d 568, supra [no recovery]; Cardona v *358 Goudot, 79 Misc 2d 139, supra [recovery allowed if medical expenses included in the recovery]; Marsh v La Marco, 46 AD2d 888, supra [no recovery since medical expenses not included].)
Medical expenses incurred will invariably be. included in any verdict for an infant plaintiff. The decisions to date require that the Department be permitted to recover for MA care included in the judgment.
Where there has been a settlement of the infant’s action, the court must be made aware of the existence of a Department’s claims. (CPLR 1208; Surrogate’s Court Rules [Second Dept], § 1830.29, 22 NYCRR 1830.29.) The Departments have been most co-operative in compromising such claims where necessary.
As the decisions indicate, the practical problem arises when the damages are limited by the insurance coverage. The settlement is then rarely sufficient to include more than a fraction of the infant’s damages for pain and suffering. In such cases, the courts have denied recovery for MA care furnished to the infant by a Department. (Galante v Doe, supra; Marsh v La Marco, supra.)
FACTS
Decedent Amelia Colon was seriously injured in an accident at 6:00 p.m. on January 24, 1972. She died from such injuries at 12:45 p.m. on January 29, 1972. She was survived by her husband and 12 children, seven of whom were infants at the time of death.
From July 28, 1966 to January 16, 1972 the Department furnished AFDC to Mrs. Colon and her infant children in the sum of approximately $36,000. Since all assistance and care of whatever nature were furnished before the injury no "lien” under section 104-b or under section 369 via 104-b may attach to any personal injury recovery.
The administrator of Mrs. Colon’s estate commenced a combined action for personal injuries and wrongful death. The combined action has been settled for $100,000. This court for the four and three-quarters days Mrs. Colon survived allocated $12,500 to the personal injury cause payable to the estate.
The Department recognizes that in the absence of an assignment from the "distributees” (EPTL 5-4.4), there is no right to recover from the proceeds of the wrongful death cause. (Mat *359 ter of Schwabacher v International Salt Co., 272 App Div 173, affd 298 NY 726; Central N. Y. Coach Lines v Syracuse Herald Co., 277 NY 110; Matter of Jackson, 71 Misc 2d 133.) Recovery is sought by the Department solely from the estate.
As heretofore discussed—
1. Mrs. Colon’s estate is the estate of a recipient. As an estate of a recipient, the estate is responsible for all AFDC allocated to such recipient as the head of the family (Social Services Law, § 104). A recipient’s estate is not responsible for MA paid to such recipient unless the recipient was over 65 and left no surviving spouse or children under 21 (Social Services Law, § 369).
2. Mrs. Colon’s estate is also the estate of an RR. The estate of a deceased adult RR is responsible for all AFDC payments allocated to the RR’s infant children (Social Services Law, § 104). (A living RR would not be responsible unless of sufficient ability during the period of assistance.) The estate of an RR is probably not responsible for MA furnished to infant children although a living RR (parent) would, if of sufficient ability, be responsible (Social Services Law, § 369, by reference to § 366, subd 3). It is determined in any event that Mrs. Colon was not of "sufficient ability” during the period of assistance.
It is obvious from the above that the Department’s right to recover for AFDC payments to Mrs. Colon and her infant children will far exceed the net estate after administration expenses. (Matter of Jackson, 71 Misc 2d 133, supra.) The distribution of the proceeds of both the personal injury cause and the wrongful death cause is made by separate decision.