OPINION OF THE COURT
David S. Nelson, J.
This proceeding comes before this court on a modification petition filed November 27, 1984 by David H. against the St. Lawrence County Department of Social Services (DOSS), asking that the order of this court dated December 4, 1980, which fixed medical, confinement, and case expenditures in a prior paternity proceeding at $6,143.33, be modified to eliminate the liability of the petitioner.
Subsequently, and on January 8, 1985, the Department of Social Services filed a violation petition alleging that David H. failed to keep the support collection unit advised of his employment status in that he did not notify the support collection unit of his employment with Clarkson University in 1981, 1982, 1983 and 1984 (until Oct. of 1984). At the same time the Department of Social Services filed a modification petition asking that Mr. H. be directed to commence repayment to *62 ward the Department of Social Services expenditures of $6,143.33 at the rate of $19 per week pursuant to the New York State child support formula.
At issue in this case is an order of filiation of this court entered on December 4, 1980, based on proceedings held November 21, 1980. Said order contained a general support provision paragraph and a paragraph which provided as follows: "ordered that medical, confinement, and case expenditures are fixed at $6,143.33 and are held in abeyance.” The transcript of the proceedings held on November 21, 1980 indicate that Mr. H. was advised of his rights, except his right to assigned counsel. Mr. H. admitted, after advice as to his potential liability to support the infant, that he was the father of the child. The court questioned Mr. H. about an agreement that he had signed regarding paternity and support, which agreement provided, in part, as follows: "Further I understand that if I do not have funds to hire an attorney, I may apply for a Court appointed counsel,” but at no time during the proceedings was Mr. H. advised on the record of his right to assigned counsel if he could not afford to hire his own lawyer. Following Mr. H.’s admission of paternity and acknowledgement of his obligation to support, a colloquy followed between the court, the attorney for the Department of Social Services, and Mr. H. The DOSS attorney advised the court that their records showed that as of the date of the court hearing expenditures totaled $6,143.33 for cash grants and medical to the child and confinement for the mother. There was no breakdown of these expenses. The court asked Mr. H. if he was employed and Mr. H. indicated that he was not employed. The court further asked Mr. H. if he understood that he was liable for the "$6,000?”, and Mr. H. replied, "Yup.” The Department of Social Services then asked for a general order of support and the aforementioned order of November 21, 1980, was granted.
At the time of the admission of paternity taken on November 21, 1980, there was no hearing held on the issue of support and no record made concerning the ability of the respondent to pay support during the period of time that the Department was making the aforementioned expenditures. Since, in effect, there was no support order entered, there can be no appeal from such an interim order and, consequently, this court has jurisdiction to entertain a proceeding to determine support. (See, Epstein v Corbelli, 18 AD2d 633.) The record in this case indicates that at the original hearing there *63 was no determination made of Mr. H.’s ability to pay during the time the assistance was granted (see, Matter of Hackett v Haynes, 70 AD2d 1051; Matter of Colon, 83 Misc 2d 344).
Family Court Act § 548 provides that Family Court Act, article 4, parts 5 and 7 shall apply when an order is issued under article 5. Family Court Act § 451 grants to this court continuing jurisdiction over any support proceeding brought under this article, and may modify, set aside, or vacate any order issued in the course of the proceeding. This modification proceeding is properly before the court and the decision of this court, based upon a need to make findings of fact unresolved in previous hearings, will be to order a hearing to determine: (1) the nature of the expenditures of the Department of Social Services at the time of the November 21, 1980 order; (2) the respective financial ability of the mother and the father to pay such expenditures at the time such expenditures were made; and (3) whether and how much, in the exercise of the court’s discretion, to order retroactive support and repayment of the mother’s confinement expenses.
The applicable provision of law that will govern the aforesaid hearing is Family Court Act § 545 as it read on November 21, 1980. In this connection the parties should review Matter of Tammy R. v Vance S. (91 AD2d 743), which held that the Family Court had discretion in paternity proceedings to order support payments retroactive to the date of filing of a filiation petition. Such order is discretionary with the court. Said case further held that the amendments to Family Court Act § 545 (L 1981, ch 695, § 7, eff Oct. 19, 1981) were prospective in effect only and not retroactive; such amendments are therefore not applicable to the determination to be made by this court in this case.
Having set the stage for the hearing to be conducted, the court will follow the articulate reasoning in the case of Matter of Colon (83 Misc 2d 344 [1975], supra [which explained the basis for recovery of Aid For Families with Dependent Children (A.F.D.C.) and Medical Assistance (M.A.)]) to the point where findings are made on the nature of the $6,143.33 expenditures and the ability of the respondent to pay during the period of expenditures. In that case, it was held that established policy precluded recovery of expenditures from present wages or salaries (Matter of Colon, supra, p 349). This court, however, believes that under the provisions of Social Services Law § 366 (3) (b) authorizing the Department of Social Services to employ any "other applicable provisions of *64 law” to recoup payments, the support provisions of the Family Court Act allow, if not require, the court to direct repayment from current income upon making the requisite findings set forth above.