**Alice SCHAAK et al., Plaintiffs,**

v.

**Wilbur J. SCHMIDT et al., Defendants.**

**Civ. A. No. 70–C–113.**

United States District Court,
E. D. Wisconsin.

July 7, 1971.

---

Steven H. Steinglass, Milwaukee, Wis., for plaintiffs.

Theodore Priebe, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION

Before KILEY, Circuit Judge, and TEHAN and REYNOLDS, District Judges.

TEHAN, District Judge.

On February 26, 1970, the plaintiff, Alice Schaak, individually and on behalf of her minor children and all others similarly situated, filed her complaint in this action against Wilbur J. Schmidt, Secretary of the Wisconsin Department of Health and Social Services, alleging that § 49.47(4) (b), Wis.Stats., as amended August 31, 1969, by Chapter 154, Laws of 1969, was violative of the equal protection and due process clauses of the United States Constitution, Title XIX of the Social Security Act, 42 U.S. C. § 1396 et seq., and of regulations of the Department of Health, Education and Welfare promulgated thereunder, particularly 45 CFR § 248.21. The plaintiff sought a declaratory judgment as to the illegality of the statute, a temporary and permanent injunction against its enforcement, and damages resulting from past enforcement. A temporary restraining order was denied. Because the plaintiff sought to enjoin the enforcement of a State statute on constitutional grounds, a three-judge court was convened. Counsel for the parties stipulated to all relevant facts, briefs were filed, a hearing was held on May 5, 1971, and the court is prepared to render its decision.

Under the Title XIX Medical Assistance Program established by the Social Security Act, the federal government makes payments to the states on a matching fund basis for the provision of medical assistance to qualified persons if the state submits a plan conforming to federal requirements. Wisconsin participates in this program, the defendant being charged with supervision thereof, and its medical assistance plan, as it exists today, has been approved by HEW. The program provides Group I medical benefits to individuals receiving money payments under certain categorical assistance programs (Wis.Stats. § 49.46, Laws of 1967) and to individuals whose income is within the income limitations of those programs. (Wis.Stats. § 49.-47(4) (f), Chapter 154, Laws of 1969).

It also provides Group II benefits to individuals known as "medically indigent." In order to be eligible for those benefits, such individuals must meet the limitations on income and resources contained in Wis.Stats. § 49.47(4) (b) and (c), Chapter 154, Laws of 1969. It is one of those limitations, rendering ineligible for medical benefits as medically indigent individuals with an equity of over $7500.00 in a home and the land used and operated in connection therewith, which is challenged in this action.[1] Such a limitation does not exist as an eligibility requirement for individuals owning homes and receiving money payments under any categorical assistance programs.[2] But for this limitation, the plaintiff and her family would be eligible for some medical benefits,[3] and at least 200 persons in Wisconsin lost eligibility for Group II medical benefits for themselves and their families as a result of this limitation being inserted in the statute in 1969. As stated previously, the plaintiff contends that this eligibility requirement, imposed on the medically indigent but not on those receiving categorical assistance payments or with income below categorical assistance pay-

ment levels, violates the equal protection clause of the United States Constitution, the Social Security Act and the HEW regulation, 45 CFR § 248.21.

■ The plaintiff has asserted that jurisdiction is conferred on this court by § 1331, § 1343, § 2201 and § 2202, Title 28 U.S.C. It is well settled that § 2201 and § 2202 provide a remedy and do not confer jurisdiction. In his answer the defendant has denied that jurisdiction exists under § 1331, alleging that the amount in controversy does not exceed $10,000. We need not discuss the applicability of § 1331 since, for the reasons hereafter stated, we believe that § 1343 confers jurisdiction.

■ The question of whether jurisdiction over the plaintiff's cause of action exists under § 1343, Title 28 U.S.C. by virtue of assertion of a constitutional claim under § 1983, Title 42 U.S.C. is substantially identical to the jurisdictional issue presented in Alvarado v. Schmidt, 317 F.Supp. 1027 (W.D.Wis. 1970). We find that here, as in *Alvarado*, the constitutional claim asserted by the plaintiff was not, when filed, obviously without merit nor foreclosed by prior Supreme Court decisions.[4] We

---

1. This limitation is contained in § 49.47 (4) (b) which provides in relevant part: "(b) Eligibility exists if his property does not exceed a home and the land used and operated in connection therewith not to exceed the equity of $7,500, * * *"

2. The parties have stipulated: (Para. 9) "9. Both prior to and subsequent to the enactment of Chapter 154, Laws of 1969, individuals owning homes and receiving money payments under any of the categorical assistance programs were permitted to retain their eligibility in such program as long as the value of their homes did not exceed the limitations contained in the following schedule:

HOMESTEAD LIMITATION IN
WISCONSIN CATEGORICAL ASSISTANCE PROGRAMS

| TITLE | | | | |
|---|---|---|---|---|
| I | OAA | § 49.22(2) | (a) | no statutory maximum |
| IV | AFDC | § 49.19(4) | (e) | No statutory maximum as long as the cost of maintenance does not exceed community rental on adequate housing |
| X | AB | § 49.18(1) | (e) (1) | no statutory maximum |
| XIV | APTD | § 49.61(2) | (f) | a home of reasonable value" |

3. The extent of this eligibility. the parties agree, is a matter for determination through the state administrative process.

4. The decision of the United States Supreme Court in Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d

agree with *Alvarado* that the court has pendent jurisdiction over the plaintiff's related claims under federal statutes and regulations, which claims must be adjudicated in preference to deciding the original constitutional claim. Because, for the reasons hereinafter stated, we hold that the plaintiff is entitled to relief on her claim that § 49.47(4) (b) violates federal law, we need not and should not decide the constitutional claim.

■■ Although the plaintiff has alleged that § 49.47(4) (b) is invalid under the Social Security Act, no section of the Act has been cited which specifically prohibits the equity in a homestead limitation contained in the statute. At the hearing, counsel for the plaintiff admitted that this case is predicated not on any violation of express provisions of the Act, but on a violation of the HEW regulation, 45 CFR § 248.21. That regulation, promulgated pursuant to § 1302, Title 42 U.S.C., provides in relevant part:

"§ 248.21 FINANCIAL ELIGIBILITY—MEDICAL ASSISTANCE PROGRAM—MEDICALLY NEEDY.

(a) *Requirements for State plans.* A State plan for medical assistance, if it includes the medically needy, must:

(1) Provide levels of income and resources for maintenance, in total dollar amounts, as a basis for establishing financial eligibility for medical assistance, in accordance with the following:

＊　＊　＊　＊　＊　＊

(iv) Resources which may be held must, as a minimum, be at the most liberal level used in any money payment program in the State on or after January 1, 1936 ＊　＊　＊ "

As Footnote 2, supra, reveals, eligibility for categorical assistance may exist despite the fact that the recipient has an equity exceeding $7,500 in a homestead, therefore the medically needy are subjected under § 49.47(4) (b) to a resource limitation less liberal than those in other State money payment programs. The regulation is obviously violated[5] and the court must decide (1) whether noncompliance with the regulation is ground for granting the relief sought by the plaintiff, and (2) whether the regulation is a valid exercise of HEW's rule-making power under § 1302.

■■ As stated in the recent case of *Wilczynski v. Harder*, 323 F.Supp. 509 (D.Conn.1971), involving the Medicaid legislation and the regulation here in question, participation by the states in the federal program is voluntary, but when a state elects to participate, it must comply with federal statutes and regulations to remain eligible for federal funds.[6] Jurisdiction being established, compliance can be secured in this court.

■ The defendant has presented no argument tending to establish the invalidity of the regulation and has not claimed that it conflicts with the Social Security Act in any respect.[7] We hold that the regulation is valid and binding on the State of Wisconsin and that the limitation on the equity in a homestead

491 (1970), decided after the commencement of this action, may have weakened the plaintiff's constitutional claim. However, this same situation obtained in *Alvarado*, which held that jurisdiction properly founded was not lost following *Dandridge.*

5. We find no merit to the defendant's contention that HEW's approval of Wisconsin's plan determines its compliance with federal law, particularly since the record reveals that HEW is now reconsidering the matter.

6. See Footnote 1 at p. 511. With respect to the necessity of compliance with federal regulations promulgated under § 1302, Title 42 U.S.C., see also *Worrell v. Sterrett*, Civil No. 69 F. 33, N.D.Ind., decided October 15, 1969, according valid regulations the status of part of the Social Security Act.

7. Counsel for the defendant has pointed out that the regulation contains eligibility requirements not set forth in the Act itself but has not contended that the authority conferred by Title 42 U.S.C. § 1302 has been exceeded.

held by the medically needy contained in § 49.47(4) (b), Wis.Stats., is invalid under the regulation. In so holding, we wish to stress that the $7,500 limitation is defective only because it is, contrary to the regulation, a less liberal limitation than that imposed in other money payment programs in the state. In other words, we are not holding that the regulation prohibits all limitations.

■ The plaintiff commenced this action individually, on behalf of her minor children, and on behalf of all others similarly situated, seeking relief on behalf of a class being "needy persons in Wisconsin who will no longer be eligible for medical assistance solely by reason of the ownership of equity in a home and land exceeding $7500." As stated previously, the parties have stipulated that at least 200 persons lost eligibility for Group II medical benefits for themselves and their families as a result of enactment in 1969 of the statute challenged here, because the value of the equity in their home and land exceeded $7,500. The defendant contends that the plaintiff and her class are not truly needy and that the plaintiff's circumstances are not typical, and questions her right to maintain a class action under Rule 23, Federal Rules of Civil Procedure. The record establishes that although their circumstances may differ in ways not here material, the plaintiff and many others would be eligible for Group II medical benefits but for the $7,500 limitation. In this regard, the plaintiff's claim is typical of an ascertainable class, and we find no reason to hold that a class action is not maintainable.

■ The question of the relief to be granted is similar to that presented in *Alvarado*. Here, too, federal funds have been allocated and paid under a program which does not conform with federal law. Because § 49.47(4) (b) sets forth an eligibility requirement for the medically indigent regarding equity in a home more stringent than that found in other state money programs, the plaintiff is entitled to a judgment declaring that the $7,500 equity limita-

tion in that statute deprives her and her class of their rights under federal law —the HEW regulation 45 CFR § 248.21, and to an injunction against enforcement of that portion of the statute so long as federal funds are used in the program.

The plaintiff also seeks to recover the amount of money she and her class have spent for medical expenses by virtue of termination of their eligibility for medical assistance in violation of federal law. As in *Alvarado*, to deny the class these payments which have been wrongfully withheld would be to allow the state to operate its medical assistance program in a manner violating federal law with financial impunity. The plaintiff and her class are entitled to recover amounts illegally withheld from them since the enactment of Chapter 154, Laws of 1969, by reason of the enforcement of the $7,500 limitation contained herein. The amount to be recovered and persons entitled to recover will be ascertained by the single-judge district court.

Counsel for the plaintiff will prepare an order for judgment pursuant to this opinion and submit it to opposing counsel for approval as to form.