150 N.J. Super. 519 (1977)
376 A.2d 196
GERTRUDE GOULD, PLAINTIFF-APPELLANT,
v.
ANN KLEIN, COMMISSIONER, DEPARTMENT OF INSTITUTIONS AND AGENCIES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1977.
Decided June 16, 1977.
*520 Before Judges LORA, CRANE and MICHELS.
Mr. Theodore A. Gardner argued the cause for appellant (Mr. Timothy K. Madden, Director, Hudson County Legal Services, attorney).
Ms. Andrea M. Silkowitz, Deputy Attorney General, argued the cause for respondent; (Mr. William F. Hyland, Attorney *521 General of New Jersey, attorney; Mrs. Erminie L. Conley, Deputy Attorney General, of counsel).
PER CURIAM.
Plaintiff Gertrude Gould appeals from a fair hearing decision of the Division of Public Welfare (Division) which affirmed a decision of the Hudson County Division of Welfare terminating her Medicaid Only benefits because her income exceeded program eligibility limits.
Plaintiff is a 75-year-old woman whose sole income is derived from Social Security. Prior to August 1, 1976 she had received Medicaid benefits under N.J.S.A. 30:4D-3f(6). However, effective July 1, 1976 Congress implemented a 6.4% increase in Social Security benefits that raised plaintiff's gross benefits to $240.30, rendering her ineligible for Medicaid. On July 13, 1976 plaintiff was notified that Medicaid benefits would cease effective August 1, 1976. After that date plaintiff would have to assume payment of monthly medical expenses of approximately $50 occasioned by various health problems. Plaintiff requested and was granted a fair hearing before the Division to review the termination of Medicaid. Plaintiff's countable income was computed at the hearing to be $190.70, which was 70¢ more than the Medicaid eligibility income standard. The Division therefore affirmed the termination of Medicaid benefits. Plaintiff appeals.
Plaintiff does not dispute the accuracy of the computation which established her countable income to be $190.70. Rather, she seeks a reversal, contending that (1) New Jersey is obligated to provide Medicaid benefits for the "medically needy" such as she, i.e., those who are not categorically eligible for Medicaid but who, nevertheless, have insufficient income and resources to meet the costs of necessary medical and remedial care and services; (2) the Medicaid eligibility standard promulgated by Commissioner Klein is arbitrary and unreasonable because it (a) fails to exclude moneys which must be applied to monthly medical expenses from the computation of countable income, (b) includes in countable *522 income moneys which are not actually available, and (c) fails to reflect the 14.4% cost of living increase which has allegedly devastated New Jersey's aged poor during the past 24 months; and (3) Commissioner Klein was arbitrary and unreasonable in denying her Medicaid benefits when her income exceeds the Medicaid eligibility standard by less than $1. We have carefully considered all of plaintiff's arguments addressed to these contentions and are constrained to conclude that there is no merit in them warranting a reversal of the fair hearing decision of the Division.[1]
We point out that under subchapter XIX (commonly called "Medicaid") of the Social Security Act, 42 U.S.C.A. § 1396 et seq., federal money may be appropriated to states which have chosen to implement approved medical assistance programs. Although provision of such assistance is a voluntary undertaking, once undertaken, compliance with the terms of federal statutes and regulations is mandated as a condition of receiving federal aid. See Doe v. Beal, 523 F.2d 611, 614-619 (3 Cir.1975), app. pending; Schaak v. Schmidt, 344 F. Supp. 99, 103 (E.D. Wisc. 1971). Under 42 U.S.C.A. § 1396a(a) (10) (A) (adopted in New Jersey by N.J.S.A. 30:4D-3f), medical assistance is provided to "categorically needy" groups, that is, all individuals receiving aid or assistance under any plan of the State approved under federal subchapters dealing with aid to the (1) aged (subchapter I), (2) families with dependent children (Part A of subchapter IV), (3) blind (subchapter X), (4) disabled (subchapter XIV), (5) or with supplemental security income (SSI) for the aged, blind and disabled (subchapter *523 XVI). See also, 45 CFR § 248.10(b). 42 U.S.C.A. § 1396a(a)(10)(C), in pertinent part, requires that
* * * if medical assistance is included for any group of individuals who are not described in clause (A) [the categorically needy] and who do not meet the income and resources requirements of the appropriate State plan, or the supplemental security income program under subchapter XVI of this chapter, as the case may be, as determined in accordance with standards prescribed by the Secretary 
The State shall provide
(i) for making medical assistance available to all individuals who would, except for income and resources, be eligible for aid or assistance under any such State plan or to have paid with respect to them supplemental security income benefits under subchapter XVI of this chapter, and who have insufficient (as determined in accordance with comparable standards) income and resources to meet the costs of necessary medical and remedial care and services. * * *
Section (C) becomes operative for all medically needy if the state provides aid for any medically needy. If no such provision is made, section (C) is inoperative. Since it is conceded that New Jersey does not utilize federal funds to provide medical aid to those who are medically needy, there is no mandate, federal or otherwise, requiring New Jersey to provide plaintiff with Medicaid benefits.
We find no merit in plaintiff's claim that her monthly medical expenses should have been deducted in computing countable income in order to determine eligibility for Medicaid. Plaintiff contends that the so-called "spend-down" provision of subchapter XIX, 42 U.S.C.A. § 1396a(a) (17), requires the deduction of her monthly medical expenses from her gross income, and therefore her countable income qualifies her for Medicaid. The spend-down provision, in pertinent part, provides:
A State plan for medical assistance must * * * include reasonable standards * * * and provide for flexibility in the application of such standards with respect to income by taking into account, except to the extent prescribed by the Secretary, the costs (whether in the *524 form of insurance premiums or otherwise) incurred for medical care or for any other type of remedial care recognized under State law.
This argument was carefully considered and rejected in Fullington v. Shea, 320 F. Supp. 500 (D. Colo. 1970), aff'd mem. 404 U.S. 963, 92 S.Ct. 345, 30 L.Ed.2d 282 (1971), and in Freeman v. Parham, 475 F.2d 185 (5 Cir.1973). Cf. Curtis v. Child, 95 Idaho 63, 501 P.2d 1374 (Sup. Ct. 1972). Contra, Crammer v. Commonwealth Dept. of Public Welfare, 449 Pa. 528, 296 A.2d 815 (Sup. Ct. 1972). We agree with Fullington and Freeman that the "spend-down" provision does not apply where, as here, a state has elected not to provide aid to the medically needy, and thus plaintiff's monthly medical expenses may not be considered in determining countable income for Medicaid eligibility.
While we are aware that plaintiff will be required to assume the added burden of paying her monthly medical bills herself as a result of her increased Social Security benefits which render her ineligible for Medicaid, the remedies, if any, to the problems here involved are for legislative action on the federal and state levels.
Affirmed.
NOTES
[1] Plaintiff also contends that, even assuming that she is ineligible for Medicaid, she is entitled to state-funded Medical Assistance for the Aged benefits pursuant to N.J.S.A. 44:7-76 et seq. This claim was raised for the first time on appeal, and we decline to consider it. However, we do so without prejudice to any right plaintiff may have to apply for such benefits.